plainants, and the chancellor may, on a final hearing of the case, decree that equity requires the tearing down of the portion of the building that has been thus erected. The defendant, by her conduct, brought about the order she now so seriously excepts to, and she is in no position, *under the present state of facts,* to complain of it. The order is a temporary one and can be modified if the situation in the future warrants such action.

The defendant next contends that if it be held that the building restrictions in question were valid, nevertheless, it appears from the record that the said restrictions have been waived by the complainants and Weber. We find this contention to be without merit.

Other contentions than those specifically referred to in this opinion have been raised by the defendant. These have all been carefully considered and found without merit.

The orders of the Superior Court of Cook county will therefore be affirmed.

*Affirmed.*

---

A. M. Forbes Cartage Company, Defendant in Error, v. Frankfort Marine, Accident and Plate Glass Insurance Company of Frankfort-on-the-Main, Germany, Plaintiff in Error.

Gen. No. 20,471.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed. Opinion filed October 6, 1915.

Statement of the Case.

Suit by A. M. Forbes Cartage Company, in the Municipal Court to recover from the Frankfort

Marine, Accident and Plate Glass Insurance Company of Frankfort-on-the-Main, Germany, the amount of a judgment for personal injuries, with costs and attorney's fees, which the plaintiff was obliged to pay and which, it claimed, was covered by an insurance policy issued by the defendant. The plaintiff recovered a judgment for $875.20, and this writ of error was sued out by the insurance company.

WILLIS G. SHOCKEY and MILLS & HOLLY, for plaintiff in error.

MATHER & HUTSON, for defendant in error; WILLIAM A. SHEEHAN, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 436*—*what is purpose of provision in indemnity insurance as to notice of accident.* The purpose of a provision in an insurance policy, insuring against loss or damage caused by vehicles of the assured, which requires the insured to give written notice to the insurer "immediately upon the occurrence of an accident * * * with the fullest information obtainable at the time," is to enable the insurer to ascertain all the facts and circumstances surrounding the accident while such facts are fresh in the memory of witnesses, so that such insurer may be prepared either to defend or to make settlement if any claim is thereafter made or suit brought for damages resulting from personal injuries.

2. INSURANCE, § 436*—*what is effect of failure to give notice as required by indemnity insurance policy.* Under an insurance policy insuring against loss or damage caused by vehicles of the assured, where an accident occurs and the insured as a result of its own investigation is satisfied that no claims for personal injuries can be successfully made, and such insured does not immediately notify the insurer of the accident as required by the policy, it elects to carry the risk itself and absolves the insurer from liability.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.