**International Harvester Company, a Corporation, Plaintiff-Appellant, v. Continental Casualty Company, a Corporation, Defendant-Appellee.**

Gen. No. 48,224.

First District, First Division.

January 22, 1962.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway and Thomas J. Weithers, of counsel), for appellant.

Yates, Fisk, Haider & Burke, of Chicago (Donald H. Haider and L. J. Locke, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff appeals from a summary judgment in favor of defendant entered in plaintiff's suit for a declaration of its rights under a liability insurance policy issued by defendant.

On December 2, 1955 Lawrence Huttel, an employee of Doyle Freight Lines, was standing on plaintiff's freight dock waiting to have his truck unloaded. At the time, employees of plaintiff were unloading a truck of Gateway Transportation Company by means of an electric lift and, in so doing, struck Huttel with the lift, knocking him down and causing him to be injured. Plaintiff's employees reported the injury to their company on the day of the occurrence.

On January 18, 1956 plaintiff received a written notice of claim against it by Huttel, through his attorneys, Rosenbaum & Rosenbaum.

On July 19, 1957 plaintiff reported the accident to its own insurance carrier, Zurich Insurance Company.

On July 26, 1957 Huttel filed suit against plaintiff in the Superior Court of Cook County and plaintiff

herein was served with summons as defendant in that suit on August 1, 1957. The summons was transmitted by plaintiff to Zurich on the same day.

Zurich sought to learn the identity of the truck being unloaded at the time of the accident, and in response to its inquiry was advised on August 12, 1957 by letter of Huttel's attorneys that the truck in question belonged to Gateway Transportation Company.

Zurich then sought to learn the identity of Gateway's insurance carrier, and on August 30, 1957 ascertained that such insurer was the defendant in the instant case.

Thereupon, by oral notice on August 30, 1957 and by letter on September 4, 1957 Zurich's attorneys, on behalf of plaintiff, notified defendant of the claim by Huttel and made demand upon defendant to take over plaintiff's defense. Defendant had no knowledge of the occurrence in question prior to this time.

The demand made on defendant was predicated upon its policy covering Gateway which provided that the insurance of Gateway would be extended to cover other persons unloading Gateway's trucks with its permission.*

The facts above recited are taken from the pleadings, from interrogatory answers, and from affidavits filed in connection with defendant's motion for sum-

---

\* The pertinent policy clauses are:

Definition of Insured
 The unqualified word "insured" includes the named insured and also includes . . . (2) under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, . . .

Definitions.
 . . .

 (e) Purposes of Use. . . . Use of an automobile includes the loading and unloading thereof.

mary judgment. They are not in dispute. It is also beyond dispute that plaintiff comes within the definition of an additional insured under defendant's policy covering Gateway.

When plaintiff's demand upon defendant was refused, plaintiff brought this declaratory judgment action to obtain adjudication of its coverage under the Gateway policy and thus require defendant to insure and defend plaintiff against the Huttel claim.

Defendant contends that plaintiff is not entitled to such coverage because, in not giving defendant notice of the accident of December 2, 1955 until approximately September 1, 1957, plaintiff failed to comply with a provision of the policy requiring that defendant be given notice of an accident "as soon as practicable." This contention formed the basis of defendant's motion for summary judgment which was allowed by the trial court and is the subject of this appeal.

The paragraph of the policy providing for notice of accident reads as follows:

> When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

██ A notice provision such as this is not to be considered as a technical requirement included in policies merely for the convenience of the insurance company. Rather it is a matter of substance imposing a valid prerequisite to coverage. (Imperial Fire Ins. Co. v. Coos County, 151 US 452.) Upon the happening of an accident, a prompt, as distinguished from a delayed, investigation of the facts of the occurrence can

471

so greatly affect the efficiency of the defense as to change the very character of the risk involved. (Clements v. Preferred Accident Ins. Co., 41 F2d 470; 76 ALR 17.) It follows, therefore, that the notice requirements of a policy apply not only to the named insured but also to unnamed additional insureds under an omnibus clause. (Royal Indemnity Co. v. Morris, 37 F2d 90, c.d. 281 US 748; 72 ALR 1425.)

Plaintiff contends, in effect, that notice was given "as soon as practicable" because time should not be considered as starting to run against it until after plaintiff (through its own insurer) had ascertained the identity of the Gateway truck and thereupon learned defendant's identity as Gateway's insurer. Thus, says plaintiff, the necessary knowledge prerequisite to the giving of notice was not acquired until August 30, 1957 and notice was promptly given orally that day and in writing only a few days later.

■■ The question is not that simple. We realize that plaintiff could not possibly give notice to defendant so long as it was ignorant of the existence of defendant's policy and its own inclusion as an insured thereunder. To operate as an effective excuse for delay, however, lack of knowledge must be without negligence or fault on the part of the person seeking to be excused. The beneficiary's ignorance of the policy, then, becomes only one of the circumstances to be considered in determining whether or not due diligence was exercised in the giving of notice "as soon as practicable." (Allstate Ins. Co. v. Hoffman, 21 Ill App2d 314, 158 NE2d 428; Unverzagt v. Prestera, 13 A2d 46 (Pa); Sanderson v. Postal Life Ins. Co. of New York, 87 F2d 58; Sheehan v. Aetna Life Ins. Co., 6 NE2d 777 (Mass); 75 ALR 1504; 18 ALR2d 478; 29A Am Jur § 1390.)

When we examine all the circumstances, we must give due consideration to the fact that the plaintiff is

the International Harvester Company, a large industrial corporation, and not a person unsophisticated in the world of commerce and insurance. We must decide whether the plaintiff, with all the record-keeping and investigative services at its command, acted with anything less than due diligence in being unable for twenty-one months to ascertain the identity of the truck being unloaded at the time of the injury to Huttel, an accident which was promptly reported by plaintiff's employees concerned, on the day of its occurrence. To state the problem is to indicate its proper solution.

When plaintiff eventually reported the claim to its own insurance carrier, the Zurich attorneys very quickly obtained the necessary information by the simple expedient of asking for it from the attorneys for the claimant, who had made themselves known to plaintiff some twenty months earlier. This action was taken by Zurich not in perfection of any rights of its own, but rather on behalf of plaintiff, and cannot be separated from the action or inaction of plaintiff over the entire period from December, 1955 to September, 1957.*

It is the contention of plaintiff that the counteraffidavit of its employee, Woods, satisfactorily explained why plaintiff did not give notice until the identity of defendant was discovered by Zurich. This affidavit stated:

> Lewis G. Woods, being first duly sworn, on oath deposes and says that he is Director, Supply and Inventory of International Harvester Company, a corporation; that International Harvester Com-

---

* It is ironic that this should have been so, because the Zurich is obviously the real party in interest in plaintiff's lawsuit. Plaintiff will apparently be insured against Huttel's claim by defendant, if plaintiff wins this case, or by the Zurich, if plaintiff loses.

473

pany, or any agent thereof, did not have knowledge of the identity of a truck which was being unloaded at its dock at the time an accident occurred, resulting in injuries to Lawrence Huttel on December 2, 1955; *that thereafter an effort was made to identify the said truck, but that it was not identified by any representative of International Harvester Company;* that, therefore, International Harvester Company could not identify the insurer of the said truck; that the said accident was reported to the Zurich Insurance Company, insurer of International Harvester Company, and that an investigation was thereafter carried on by the said company.

The italicized part is the key to plaintiff's position. We have grave doubts that this statement complies with Supreme Court Rule 15 governing affidavits in proceedings for summary judgment. (Ill Rev Stats c 110, § 101.15.) We are inclined to believe that the statement is a conclusion and, therefore, does not, as required by the rule, consist only of facts admissible in evidence. (Wanous v. Balaco, 412 Ill 545, 547, 107 NE2d 791.) It might also be said that it does not follow the rule in setting forth with particularity the facts upon which the defense is based. We shall, nevertheless, consider the substance of the affidavit.

The question is whether plaintiff's affidavit raises a genuine issue of material fact which, admittedly, would defeat defendant's motion for summary judgment. (Ill Rev Stats c 110, § 57.)

We are sensitive to the misuse of summary judgment in cases which properly present questions of fact, and recently expressed our views on that subject. (Solone v. Reck, 32 Ill App2d 308, 177 NE2d 879.) If, however, the necessary factual issue does not genuinely exist, then to require a trial in such a case would be contrary to the policy expressed by the en-

actment of the summary judgment procedure provisions of the Practice Act.

█ Ordinarily, the question of whether a notice has been seasonably given is one of fact for the jury and not one of law for the court. (Higgins v. Midland Cas. Co., 281 Ill 431, 440, 118 NE 11; Simmon v. Iowa Mut. Cas. Co., 3 Ill2d 318, 121 NE2d 509; 18 ALR2d 504, and cases there cited.) But, for this to be true, a dispute over facts must be shown by the record when the question is presented on motion for summary judgment. To raise an issue of fact in regard to diligence by plaintiff in the instant case, it would be necessary for plaintiff's affidavit to recite what acts it had performed and when. Then the factual decision as to diligence could be made on the basis of whether or not *what had been done* and *when it had been done* was reasonable under all the circumstances.

The affidavit simply states that after the accident "an effort was made to identify the truck." There is no disclosure, whatsoever, of the nature of such effort. No act of plaintiff or any of its agents is set forth, so it is impossible to measure such act against any standard of reasonable diligence.

Neither does plaintiff's affidavit give any indication of the date or dates on which such "effort" was made. For all that appears, plaintiff may have done absolutely nothing about the matter until July, 1957. As to the timing of the "effort" as well as to its nature, therefore, nothing is furnished which could be scrutinized on an issue of diligence.

█ █ We believe that plaintiff's affidavit, considered as an excuse for the delay in giving notice, is inadequate as a matter of law.

Plaintiff's affidavit states further that, despite an effort to identify the truck, it was not identified. This avails plaintiff nothing. Considering, as we must, all

475

the surrounding circumstances, including the facilities and opportunities available to plaintiff for the making of such a search, the situation becomes a practical parallel to the case of an intersection collision in which an automobile driver says he looked but did not see. The Supreme Court has stated that the law does not tolerate such an absurdity. (Tucker v. New York Cent. & St. L. R. R. Co., 12 Ill2d 532, 535, 147 NE2d 347. See also Greenwald v. Baltimore & O. R. R. Co., 332 Ill 627, 164 NE 142; Reed v. Lyford, 311 Ill App 486, 36 NE2d 610; 28 ILP 19.)

We have examined cases cited by plaintiff, including Scott v. Inter-Ins. Exchange of Chicago Motor Club, 352 Ill 572, 186 NE 176; Travelers Ins. Co. v. Ohio Farmers Indemnity Co., 157 F Supp 54 (DCWD Ky); Kincaid v. Smith, 167 F Supp 195 (DCND Ohio); and U. S. F. & G. Co. v. Church, 107 F Supp 683 (DC ND Calif). We do not find in these decisions any principles of law which we consider to be in conflict with those set forth in this opinion.

In view of our conclusion, other points raised by defendant need not be determined. The judgment of the Superior Court of Cook County is affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.