VERNON A. SOWINSKI, Plaintiff-Appellant, *v.* JOHN K. RAMEY, Defendant-Appellee.—(THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Garnishee-Appellee.)

First District (5th Division) No. 60350

Opinion filed February 27, 1976.

Frank Glazer and John W. Purney, of Chicago (Julia P. Grip, of counsel), for appellant.

Joseph B. Lederleitner, of Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago, for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

After obtaining a default judgment in the amount of $7,500 against defendant, plaintiff sought garnishment against the defendant insurance company, The Insurance Company of the State of Pennsylvania (hereinafter the garnishee) to satisfy the judgment. Judgment denying garnishment was entered against her. She appeals, contending that the trial court erred when it ruled that the garnishee established the affirmative defense of noncooperation.

The undisputed facts relevant to this appeal are as follows:

On October 12, 1965, defendant Ramey and plaintiff were involved in an automobile accident as a result of which plaintiff sustained bodily injuries. Thereafter, she sued defendant to recover damages. On July 7, 1967, following attempts to obtain personal service of summons on defendant, she served the Secretary of State pursuant to the provisions of the Illinois Vehicle Law. Ill. Rev. Stat. 1967, ch. 95½, par. 9—301(a).*

Defendant filed a special appearance through his attorneys to quash the substitute service, and the court granted the motion. Subsequently, plaintiff again served the Secretary of State. Defendant failed to appear, and a default order was entered on February 26, 1968. The matter was then set for prove-up. On July 22, 1970, plaintiff having failed to appear,

---

* Ill. Rev. Stat. 1967, ch. 95½, par. 9—301(a) provides:
"SERVICE OF PROCESS ON NON-RESIDENT. (a) The use and operation by any person or his duly authorized agent or employee of a motor vehicle or motorcycle over or upon the highways of the State of Illinois, shall be deemed an appointment by such person of the Secretary of State to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally if such person is a non-resident of this State or at the time a cause of action arises is a resident of this State but subsequently becomes a non-resident of this State, or in the event said motor vehicle or motorcycle is owned by a non-resident and is being operated over and upon the highways of this State with said owners express or implied permission."

the cause was dismissed for want of prosecution. On August 7, 1970, after notice of motion to vacate the order of dismissal had been served on the attorneys who had last represented defendant on the motion to quash, the order of dismissal was vacated and the cause reset for prove-up on October 8, 1970. Thereafter, judgment was entered for plaintiff in the amount of $7,500. On April 17, 1972, plaintiff brought garnishment proceedings against the garnishee to satisfy the unpaid judgment. Garnishee moved to dismiss on the ground that the defendant, its insured, never forwarded to it the summons which allegedly was served on him. The motion was denied and the garnishee filed an answer, pleading the affirmative defense of noncooperation and, in the alternative, challenging the validity of the substitute service used by the plaintiff in acquiring jurisdiction over defendant. At the garnishment hearing, it was stipulated by the parties that garnishee had notice of the filing of plaintiff's lawsuit as of July 21, 1967. The following additional evidence was then adduced.

*Vernon A. Sowinski—plaintiff*

She was involved in an automobile accident on October 12, 1965. She retained Edward J. Bieg, an attorney, to represent her. He filed a lawsuit against defendant on her behalf. On October 8, 1970, she obtained a default judgment in the amount of $7,500.

*Dorothy Meyers*

She was a legal secretary for Bieg's law firm and familiar with plaintiff's file. Bieg was plaintiff's attorney until his death in July, 1970. William J. Moore, a partner in the firm, collaborated on the case with him. She sent a letter on December 13, 1965, from Moore to defendant advising him that Moore was being retained as plaintiff's attorney and that defendant should report the accident to his insurance company. She identified: (1) a memorandum dated December 21, 1965, from Jessie Walker of Jacksonville, North Carolina, garnishee's agent, to Moore acknowledging receipt of Moore's December 13, 1965, letter and informing him that it would be forwarded to the garnishee; (2) a letter dated July 28, 1967, from Bieg to the garnishee advising that a summons and complaint had been served on the Secretary of State's office because defendant could not be located; (3) a letter dated October 2, 1967, from Bieg to the Secretary of State advising that office that he had been unable to locate defendant and requesting that that office accept service on defendant's behalf; (4) other correspondence from Bieg to the garnishee and to James Harvey, a claim investigator retained by the garnishee enclosing copies of the summons and complaint sent on Oc-

tober 2, 1967, and a letter from the Secretary of State to Bieg acknowledging receipt of Bieg's request for substitute service.

*James E. Harvey, for the garnishee*

He is employed by Crawford & Company as an insurance investigator. In February, 1966, he was assigned to investigate plaintiff's claim against defendant. He sent letters to defendant on February 3, February 15 and May 26, 1966, advising defendant that he would be investigating plaintiff's claim on behalf of the garnishee, requesting defendant to contact him, reminding defendant of his policy obligation to cooperate with his insurance company, and threatening defendant with a reservation-of-rights letter if he failed to cooperate. All three letters were addressed to defendant's last known address in Palatine, Illinois. None was ever returned as undelivered. Only one of the letters, probably the last, was sent by certified mail and defendant apparently signed the certified receipt, but Harvey did not have the receipt or copy of it. Since the letters brought no response, he made additional attempts to locate defendant, but was not successful.

## OPINION

■■  Plaintiff contends that the garnishee failed to establish the affirmative defense of noncooperation at the garnishment hearing. The policy under which defendant was insured by the garnishee is typical of insurance policies and provides in pertinent part:

> "In the event of an accident, * * * written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

> *  *  *

> The insured shall cooperate with the company, and upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of bodily injury, property damage or loss with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses."

In a garnishment action, the garnishee must establish by a preponderance of the evidence all affirmative defenses raised in its pleadings, including

that of noncooperation. *Gregory v. Highway Insurance Co.*, 24 Ill. App. 2d 285, 164 N.E.2d 297.

■■ In the instant case, the garnishee's defense of noncooperation is premised on defendant's alleged failure to give the garnishee complete notice of the accident and to participate in the subsequent legal proceedings brought against him. The general rule in Illinois is that where an insured has the duty under his insurance policy to notify his insurer of any accident "as soon as practicable," notice must be given to the insurer within a reasonable time, and whether notice was given within a reasonable time is dependent upon all the facts and circumstances of the case. (*Walsh v. State Farm Mutual Automobile Insurance Co.*, 91 Ill. App. 2d 156, 234 N.E.2d 394.) The purpose of such a policy requirement is to enable the insurer to ascertain all the facts and circumstances surrounding the accident while they are fresh and in the memory of witnesses so that the insurer may be prepared to defend or settle any claim arising from the accident. (*A. M. Forbes Cartage Co. v. Frankfort Marine, Accident & Plate Glass Insurance Co.*, 195 Ill. App. 75.) Where the insured fails to provide his insurer with notice within a reasonable time, the insurer is relieved of liability under the policy. *Hawkeye-Security Insurance Co. v. Myers*, 210 F. 2d 890 (7th Cir. 1954).

Defendant in the instant case had the duty to provide the garnishee with complete notice of the accident, including particulars, "as soon as practicable." In addition, he had the duty to assist the garnishee in the defense or settlement of any attendant claims, including the duty to attend hearings and trials, to provide evidence, and to facilitate the attendance of witnesses. Over two months after the accident, defendant forwarded to the garnishee's agent a letter that he had received from plaintiff's attorney. The letter advised defendant to inform his insurance company of the accident. At that time, defendant did not, pursuant to his insurance policy obligation, provide any information concerning the time, place, or circumstances of the accident, nor did he provide the names and addresses of the injured or of available witnesses. In addition, defendant later without informing the garnishee of his intentions, apparently moved, and subsequent efforts to locate him proved unsuccessful. Defendant never contacted the garnishee again in order to provide more extensive information concerning the accident, nor did he, pursuant to his insurance policy obligation, assist the garnishee in the defense or settlement of plaintiff's claim against him.

■■ An insurance policy is a contract, and where the provisions of that contract are clear and unambiguous and neither illegal nor against public policy, they should be enforced by the courts. (*De Walt v. State Farm Mutual Automobile Insurance Co.*, 111 F. 2d 699 (8th Cir. 1940);

*Zitnik v. Burik*, 395 Ill. 182, 69 N.E.2d 888.) The provisions of the policy in the instant case accord with all of these criteria. It is abundantly clear from the record that defendant did not provide the notice or the assistance that he was contractually obligated to provide to the garnishee. While the garnishee did receive indirect notice of the institution of legal proceedings against the defendant, it did not receive the notice or the assistance from defendant that were envisaged in the insurance policy and that would have enabled it to defend or settle plaintiff's claim. Defendant's effort to notify the garnishee by forwarding to the garnishee's agent a letter sent from plaintiff's attorney over two months after the accident clearly did not constitute reasonable notice. Under these circumstances, the trial court's finding that defendant did not cooperate with the garnishee, is affirmed.

Affirmed.

BARRETT and SULLIVAN, JJ., concur.