ANTONIO DEL GROSSO *et al.*, Plaintiffs-Appellants, v. CASUALTY IN- SURANCE COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division) No. 87—0582

Opinion filed May 18, 1988.—Rehearing denied June 17, 1988.

Frederick W. Temple and John Skapars, both of Chicago (Hubbard, Hubbard, O'Brien & Hall, of counsel), for appellants.

Kiesler & Berman, of Chicago (Robert L. Kiesler and Patti M. Deuel, of counsel), for appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiffs Antonio Del Grosso and Michigan Mutual Insurance Company filed a declaratory judgment action seeking a determination that defendant Casualty Insurance Company was obliged to defend and indemnify Del Grosso in litigation arising from an accident involving Del Grosso's truck and a pedestrian, Jo Ann Turner. The trial

court granted Casualty's motion for summary judgment, and we affirm.

Del Grosso had engaged Michigan Mutual as his insurer upon purchase of a 1979 tractor. He subsequently entered into an agreement with Central States Trucking Company which allowed Central States to lease his vehicle and employ him as a driver. This agreement required Central States to purchase insurance for Del Grosso and his vehicle; it purchased insurance from Casualty. Michigan Mutual remained liable for damages incurred in excess of the limit of the Casualty policy.

On April 23, 1982, Del Grosso's tractor-trailer struck Jo Ann Turner. Del Grosso notified Central States of the accident immediately. Central States, in reporting the accident to Casualty, stated that the accident report was advisory only, that Central States would process the claim, and that Del Grosso was covered by his Michigan Mutual policy.

Turner filed suit against Del Grosso sometime in 1982. Michigan Mutual employed counsel for his defense. In June 1984, Del Grosso's counsel subpoenaed Central States, demanding documentation of insurance coverage which Central States purchased for Del Grosso. In July 1984, defense counsel learned that Casualty had been the insurer for Central States' independent contractors. Counsel wrote to Casualty in December 1984, for the first time informing Casualty of the Turner action and tendering Del Grosso's defense to Casualty. In January 1985, counsel sent Turner's complaint to Casualty.

Casualty responded with a letter asking details of Central States' legal relationship with the Del Grosso vehicle at the time of the accident and questioning the delay in forwarding information on the matter. On March 21, 1985, Michigan Mutual filed the declaratory judgment action which forms the basis for the instant appeal. On August 26, 1985, Michigan Mutual settled the Turner claim. Approximately one year later, the trial court found that Del Grosso had not complied with the Casualty policy provision which required him to forward all suit papers to the company and granted Casualty's motion for summary judgment.

█ Appellants contend that Casualty, to assert the failure to comply with the policy's notice of suit provision as a defense to coverage, must show that it was prejudiced by the breach and that its failure to make such a showing requires reversal of the trial court's judgment. Illinois courts, however, have not required insurers to show prejudice before raising a breach of a notice provision as a defense to coverage:

"In such cases where the giving of notice and the forwarding

of suit papers have specifically been made conditions precedent to a right of action against the insurer 'We find the authorities overwhelmingly in favor of giving full recognition to such provisions, in which case the presence or absence of prejudice resulting from a delay in giving notice becomes immaterial.' [Citation.]

The issue is not whether the insured has been prejudiced but, rather, whether reasonable notice has been given." *City of Chicago v. United States Fire Insurance Co.* (1970), 124 Ill. App. 2d 340, 347-48, 260 N.E.2d 276.

We believe that the arguments and the factual setting presented in the case at bar fail to justify a departure from the established rule.

■ The oft-expressed reluctance of courts to construe insurance policies as ordinary contracts, subject to traditional defenses, stems from the view that insurance policies benefit nonparties, and that injustice would result if innocent victims were denied recovery by the technical breach of an insured. (See *M. F. A. Mutual Insurance Co. v. Cheek* (1977), 66 Ill. 2d 492, 500-01, 363 N.E.2d 809.) When the party seeking recovery is an innocent third party, this court has held that public policy favoring the protection of such parties outweighs an insurer's right to assert technical defenses. *Johnson v. R & D Enterprises* (1982), 106 Ill. App. 3d 496, 435 N.E.2d 1233.

■ This court has also looked to the nature of the insured to determine if an alleged breach of a notice provision by that insured would serve as a defense to an insurance policy claim. In *International Harvester Co. v. Continental Casualty Co.* (1962), 33 Ill. App. 2d 467, 472-73, 179 N.E.2d 833, the court stated: "[W]e must give due consideration to the fact that plaintiff is *** a large industrial corporation, and not a person unsophisticated in the world of commerce and insurance." The court concluded that the plaintiff had not shown the due diligence that would allow its lack of knowledge of the existence of an insurance policy to excuse its failure to comply with the policy's notice provisions.

■ In the instant case, the party seeking coverage for Del Grosso is a co-insurer, not an injured victim. The concerns which would weigh against Casualty's use of a contract defense are thus absent. We therefore believe that imposition of a prejudice requirement before a notice provision may be enforced, in addition to being unprecedented in this State, would be unjust. We also believe that Michigan Mutual's delay in informing Casualty of the Turner proceedings is particularly unreasonable behavior for an insurer seeking to transfer liability to another insurer.

■ Appellants argue that Del Grosso's ignorance of the terms of the Casualty policy excuses his failure to comply with its terms. However, they have failed to show a timely, diligent effort to acquire knowledge of the policy's terms. When a party makes no showing of a diligent attempt to discover the terms of a policy, lack of knowledge will not excuse his failure to comply with its terms. *International Harvester Co. v. Continental Casualty Co.* (1962), 33 Ill. App. 2d 467, 472, 179 N.E.2d 833.

■ Finally, we reject appellants' claim that Casualty's actions estopped it from asserting policy defenses or constituted a waiver of such defenses. No action by Casualty is inconsistent with its right to insist on full compliance with the terms of the policy.

We hold that Del Grosso did not comply with the terms of the Casualty policy and that Casualty properly asserted that noncompliance as a defense to coverage. Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

RIZZI and FREEMAN, JJ., concur.