M/A COM, INC., Plaintiff-Appellee, v. JOHN PERRICONE, d/b/a Gourmet Vending, Defendant (Merit Insurance Company, Garnishee and Defendant-Appellant).

First District (4th Division)   No. 1—88—0297

Opinion filed August 10, 1989.

McMORROW, J., specially concurring.

Maris V. Lidaka, of Stern & Rotheiser, of Chicago, for appellant.

David M. Lavin, of Leahy & Eisenberg, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This appeal centers upon the concept of estoppel as applied to cases involving an insurer's failure to defend its insured. The specific issue presented is whether an insurer which refused to defend its insured is estopped from raising, as a defense in a subsequent garnishment action, the question of whether its failure to defend constituted a breach of the insurance contract.

The insurance policy provided that the insurer, Merit Insurance Company, was to indemnify the insured, John Perricone, d/b/a Gourmet Vending, for property damage arising from the use of the insured's automobile. The policy also provided that the insurer had the right and duty to defend any suit brought against the insured even if the allegations of the suit were "groundless, false or fraudulent." It obligated the insured to give written notice of an occurrence "as soon as practicable." The insured was involved in an accident with the plaintiff, M/A Com, Inc., on September 24, 1985. Notice was not given to the insurer until five months later, on February 26, 1986. On July 10, 1986, the plaintiff filed suit against the insured. The insurer refused to defend the lawsuit. The plaintiff's motion for summary judgment was granted, and a judgment was entered in favor of the plaintiff and against the insured for $1,135.38.

The plaintiff then filed the instant garnishment action against the insurer. The insurer filed an affirmative defense alleging that the insurance contract had been breached by the insured because he failed to give notice of the accident as soon as practicable. The insurer took

the position that the insured's breach relieved the insurer of all obligations under the policy, including the duty to defend. The plaintiff responded by alleging that the insurer's failure to defend the lawsuit under a reservation of rights or to file a declaratory judgment action to determine the scope of its duty to defend served to estop it from raising any defenses regarding policy coverage. For this reason the plaintiff asked the trial court to strike the insurer's affirmative defense. The trial court estopped the insurer from raising that defense by striking the affirmative defense and entered a judgment in favor of the plaintiff. The insurer has appealed contending that it should not have been estopped from raising the insured's alleged breach of a policy condition as an affirmative defense to the garnishment proceeding.

■■ ■ The concept of estoppel has its genesis in cases where the insurer refused to defend its insured on the grounds that the claim was not covered by the terms of the policy. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24; *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 193 N.E.2d 123.) Typical of those cases, and contained in the policy involved here, is a provision stating that the insurer has the right and duty to defend any suit brought against the insured even if the allegations are "groundless, false or fraudulent." In interpreting such a provision, the supreme court in *Murphy v. Urso* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079, stated that the insurer's duty to defend its insured is broader than the duty to indemnify and held that the duty to defend arises where the allegations of the complaint against the insured, regardless of their truth or accuracy, bring the claim potentially within the coverage of the policy. The duty to defend exists even where the insurer has facts in its possession which establish that it has no duty to indemnify. An insurer which fails to defend its insured against claims coming potentially within the coverage of the policy will be estopped from relying upon any policy defenses in a subsequent action against it. As stated in *Murphy v. Urso* (1981), 88 Ill. 2d 444, 451, 430 N.E.2d 1079, 1082:

"An insurer taking the position that a complaint potentially alleging coverage is not covered by a policy which provides that the insurer has the right and duty to defend any claims brought against the insured cannot simply refuse to defend the insured. It must defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage. If the insurer fails to do this, it is estopped from later raising policy defenses to coverage and is liable for the award against the insured and the costs of the suit, because the duty to defend is broader than

the duty to pay. (*Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 199.)"

The plaintiff in the case at bar notes that there is no dispute that the claim here is within the coverage of the policy and argues that the doctrine of estoppel set forth in *Murphy v. Urso* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079, should therefore bar the insurer from raising any defenses in the instant garnishment proceeding.

To assess the validity of the plaintiff's argument, it is necessary to examine the rationale underlying the concept of estoppel in cases involving an insurer's failure to defend its insured. The case which best states this rationale is *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 193 N.E.2d 123. In *Sims*, the complaint filed against the insured alleged that the plaintiff was a "passenger" in the insured's automobile when the accident occurred. The policy provided for indemnity and stated that the insurer would defend all suits against the insured even if groundless, false or fraudulent. The insurance policy excluded coverage for employees of the insured. Based upon facts discovered during its investigation, the insurer refused to defend the lawsuit on the grounds that the injured plaintiff was an employee of the insured. In a subsequent garnishment action brought against the insurer by the plaintiff, the insurer attempted to raise the defense that because the plaintiff was an employee, there could be no recovery under the policy. The appellate court held that the plaintiff's allegation that he was a passenger brought the claim potentially within the coverage of the policy and that the insurer had a duty to defend all claims potentially within policy coverage. Because the insurer breached its duty to defend, it was estopped from asserting as a defense to the garnishment action the policy provision which excluded coverage for employees. In the words of the court:

> "[W]hat is really meant is that the insurer has no right to insist that the insured be bound by the provisions of the insurance contract inuring to its benefit, *i.e.*, the 'Exclusions' provisions, when it has already breached the contract by violating the provisions inuring to the benefit of the insured, *i.e.*, the defense provisions." *Sims*, 43 Ill. App. 2d at 197, 193 N.E.2d at 129.

The case at bar represents a departure from the typical policy coverage case exemplified by *Sims*. This case involves an alleged breach of contract not by the insurer, but rather by the insured. In our estimation, this difference does not affect the proposition of law to be applied. The essential proposition of law stated in *Sims* is that an insurer which has breached its duty under the policy to defend the

insured is estopped from later asserting any provision of the policy as a defense. That proposition is based upon the general principle of contract law that a party which has itself breached the terms of a contract may not rely on other terms of the same contract. *Kinnan v. Charles B. Hurst Co.* (1925), 317 Ill. 251, 148 N.E. 12; *Sims*, 43 Ill. App. 2d 184, 193 N.E.2d 123.

■ By estopping the insurer from raising the affirmative defense, the trial court never reached the issue of whether the insured did in fact breach the policy and thereby relieve the insurer of its duty to defend. The court apparently accepted the plaintiff's position that the insurer is in all cases obligated to either defend under a reservation of rights or seek a declaratory judgment as to the scope of its duty to defend. The duty to defend, although broad, is not boundless. The doctrine of estoppel arises only where a duty to defend exists and has been breached by the insurer. It does not prevent the insurer from raising the issue of whether it did in fact breach a duty to defend its insured.

■ In the context of the case at bar, the issue of whether a delay in notice constitutes a breach of a policy provision requiring notice "as soon as practicable" is determined by a standard of reasonableness based upon the facts and circumstances of the particular case. (*United States Fidelity & Guaranty Co. v. Maren Engineering Corp.* (1980), 82 Ill. App. 3d 894, 403 N.E.2d 508.) The record before us contains nothing more than a recital that a five-month delay in giving notice was not reasonable under the terms of the contract. We do not believe that the issue of reasonable notice can be decided as a matter of law on the record as it presently exists. Accordingly, the judgment of the trial court is reversed and the cause remanded for a determination of whether the insurer breached a duty to defend its insured. If a duty to defend is in fact found to exist, the insurer will be estopped from raising any defenses it may have under the policy.

The judgment of the circuit court is reversed, and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

JOHNSON, J., concurs.

JUSTICE McMORROW, specially concurring:
I agree with the majority that this case should be reversed and remanded for further proceedings. However, I am not in accord with the majority's reasoning to arrive at that determination, and I there-

fore specially concur in the majority's decision.

The majority discusses at length the concept of estoppel in the context of insurance coverage cases. The majority relies upon *Murphy v. Urso* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079, and *Sims v. Illinois National Casualty Co.* (1963), 43 Ill. App. 2d 184, 193 N.E.2d 123, to reach its decision in the case at bar. The case before us, however, does not involve a dispute over whether the underlying claim is within the scope of policy coverage, as was involved in the *Murphy* and *Sims* cases. Nor does the case at bar involve the propriety of an insurer raising a coverage exclusion defense in the garnishment action, as plaintiff argues. Rather, the sole issue presented is whether an insurer which fails to defend in the primary action, or institute a declaratory judgment action, is estopped, as a matter of law, from raising the insured's alleged breach of a condition precedent as an affirmative defense in a subsequent garnishment action.

It should be noted that in addition to the policy provisions referred to by the majority, the policy in this case contains the following provision:

> "No action shall lie against the company unless as a condition precedent, there shall have been full compliance with all the terms of this policy."

Plaintiff has not cited, nor have I found, any authority for the proposition that an insurer which has failed to defend its insured in an underlying action is thereby estopped as a matter of law from asserting the breach of a policy provision by the insured as an affirmative defense in a subsequent garnishment action. Indeed, the authorities cited by defendant contradict plaintiff's position.

In *Reisman v. Delgado* (1983), 117 Ill. App. 3d 331, 453 N.E.2d 902, following the entry of a default judgment against the insured in an action for damages sustained by the plaintiffs in an automobile accident, a garnishment proceeding was instituted by the plaintiffs against the insurer. The trial court granted judgment against the insurer and the insurer appealed, contending that the trial court erred in ruling that it could not assert as a defense the breach by its insured of the notice of suit provision in its policy. Quoting other authorities, the appellate court stated:

> "The general rule in garnishment is that a claim asserted by a judgment creditor against a garnishee must be one which the judgment debtor himself could have maintained. [Citation.] Therefore, where an insured has breached policy conditions, a garnishment action generally will not lie. [Citation.] Specifically, when the judgment creditor of an insured seeks to garnish the

proceeds of an insurance policy, the insurer can assert any defenses which it could have raised against the insured, 'absent some provision of the law which bars the insurer from raising those defenses.' " (*Reisman,* 117 Ill. App. 3d at 333-34.)

Noting that the policy in *Reisman* was not of a statutory type, such as one issued to comply with a financial responsibility act (*e.g.,* the Illinois Safety Responsibility Law (Ill. Rev. Stat. 1981, ch. 95½, par. 7—301 *et seq.*)), which would prohibit the insurer from asserting policy defenses against the insured's judgment creditors, the court held that the insurer was not barred from raising a breach of policy defense in the garnishment action.

Similarly, in *Johnson v. R & D Enterprises* (1982), 106 Ill. App. 3d 496, 435 N.E.2d 1233, the administrator of the deceased's estate obtained a default judgment against the insured, R & D Enterprises, and then brought a garnishment action against R & D's insurer. The insurer contended that it was not obliged to provide indemnification to an insured nor pay a judgment rendered against an insured where there has been a prejudicial noncompliance with the conditions of the insurance policy. In such circumstances, the insurer argued, those defenses which the insurer has against the insured are also available against an injured third party seeking recovery under the policy. The *Johnson* court agreed, stating, "[t]his is the law in Illinois absent some provision of the law which bars the insurer from raising those defenses." (106 Ill. App. 3d at 498.) The *Johnson* court, however, upheld the judgment against the insurer on different grounds.

*Sowinski v. Ramey* (1976), 36 Ill. App. 3d 690, 344 N.E.2d 635, involved an appeal from a judgment for the insurer in a garnishment action in which the insurer raised the affirmative defense of noncooperation by its insured against whom a default judgment had been entered. The court noted that "[i]n a garnishment action, the garnishee must establish by a preponderance of the evidence all affirmative defenses raised in its pleadings, including that of noncooperation." (36 Ill. App. 3d at 693-94.) The court found that under the facts of that case, the insurer had met its burden of showing that the insured did not provide the notice or the assistance that he was obligated by the terms of the policy to provide and held that the insurer was therefore relieved of liability under the policy. See also *Del Grosso v. Casualty Insurance Co.* (1988), 170 Ill. App. 3d 1098, 524 N.E.2d 1042 (insurer was not estopped from asserting the breach of a notice provision as a defense in a declaratory judgment action brought by both its insured and a co-insurer seeking to compel the insurer to defend the underlying action); *Ledbetter v. Crudup* (1983), 114 Ill. App. 3d 401, 449

N.E.2d 265 (affirming trial court's entry of summary judgment for insurer which asserted that it had never received notice of the lawsuit as a policy defense in a garnishment action).

On the basis of the authorities cited, I am of the opinion that the trial court erred in ruling that the insurer was estopped, as a matter of law, from asserting the insured's alleged breach of the notice of accident provision of the policy. However, I agree with the majority that the mere recital that the insured's five-month delay in giving notice was unreasonable because not given "as soon as practicable," as provided in the policy, is insufficient for this court to make a determination of whether such delay constituted a breach. Thus, I would reverse and remand this cause for a hearing on the correlative issues of the alleged breach of the policy by the insured and insurer, respectively. If the trial court finds the insured's delay in notifying the insurer of the accident constituted a material breach of the insurance contract, then the insurer should not be barred from presenting its affirmative defense as against plaintiff. If the trial court finds that the insurer breached its duty to defend, then it should be estopped from raising the insured's alleged breach as a defense in plaintiff's garnishment action.