INSURANCE COMPANY OF ILLINOIS, Plaintiff-Appellee, v. FEDERAL
KEMPER INSURANCE COMPANY *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—96—3694

Opinion filed August 5, 1997.

Daniel G. Suber & Associates, of Chicago (Daniel G. Suber, of counsel), for appellants.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Michael J. Duffy and Kelly A. Croll, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Defendant, Federal Kemper Insurance Company (Federal Kemper), appeals from the trial court order granting plaintiff Insurance Company of Illinois' (ICI's) motion for summary judgment in its declaratory judgment action. In granting ICI's motion for summary judgment, the trial court found that plaintiff was not required to pay uninsured motorist benefits to the estate of David Aguirre and that Federal Kemper was required to indemnify Matthew Duggan for up to $300,000 of the $500,000 default judgment entered against him. Federal Kemper appeals, claiming that the trial court erred in estopping it from asserting policy defenses to coverage of Matthew Duggan. We affirm.

In March 1991, 17-year-old Matthew Duggan was living with his mother, Noreen Duggan, in her Wheeling, Illinois, home. When Noreen awoke on the morning of March 10, 1991, her car was no longer in the driveway. Suspecting that her son had taken her keys and stolen her car, Noreen called the police. Matthew, along with two of his friends, David Aguirre and Stacey Mueller, were located and led the Indiana State Police on a high-speed chase. In an effort to avoid a police roadblock, Matthew drove Noreen's vehicle into the median, causing the vehicle to strike an earthen embankment and enter a creek bed. David Aguirre died as a result of this car accident.

On March 22, 1991, Terry Panzke, as special administrator of the estate of David Aguirre, filed suit against Matthew for the wrongful death of David Aguirre (*Panzke* suit). Federal Kemper had issued to Matthew's mother, Noreen, an automobile liability policy that was effective on March 11, 1991, the date of the automobile accident. Matthew never tendered the *Panzke* suit to Federal Kemper. Nonetheless, on August 29, 1991, Federal Kemper sent Matthew a letter stating that it had received a report of the automobile accident and was denying Matthew defense and indemnity since the policy excludes coverage for anyone using a vehicle without the owner's permission. Federal Kemper also suggested in the letter that Matthew retain counsel to investigate this accident and defend him in the event that any suits or actions are brought against him.

On March 2, 1993, the *Panzke* complaint was amended, adding

Noreen as a defendant. The complaint alleged that Noreen, by express or implied permission, negligently allowed Matthew to operate her car on March 11, 1991, when she knew or should have known that he was not a competent driver. Noreen tendered the complaint to Federal Kemper on March 10, 1993, and Federal Kemper assumed Noreen's defense.

On July 19, 1994, the circuit court granted Noreen's motion for summary judgment as to the count brought against her in the *Panzke* complaint. The court found as a matter of law that Noreen did not negligently entrust her vehicle to Matthew, since she never gave him permission, either express or implied, to use the vehicle.

Neither Matthew nor anyone on his behalf entered an appearance in the *Panzke* matter. On June 9, 1995, after hearing testimony from Terry Panzke on damages, the circuit court entered a default judgment against Matthew in the amount of $500,000.

Terry Panzke then sought under/uninsured motorist benefits from her insurance carrier, plaintiff ICI. ICI filed a declaratory judgment action seeking a declaration that David Aguirre was not covered under his mother's insurance policy with ICI. ICI also sought a declaration that Federal Kemper owed a defense and indemnity to Matthew under Noreen's policy with Federal Kemper. ICI alleged that, because Federal Kemper owed a defense and indemnity to Matthew and denied such a defense, it is now estopped from asserting policy defenses to coverage. ICI requested to have Federal Kemper indemnify Matthew for $300,000 of the $500,000 judgment entered against him.

ICI and Federal Kemper brought cross-motions for summary judgment. The circuit court granted ICI's motion for summary judgment and denied Federal Kemper's motion for summary judgment. The trial court found that ICI owes no obligation to Terry Panzke as administratrix of the estate of David Aguirre for the injuries arising from the March 11, 1991, accident and that Federal Kemper must indemnify Matthew up to its policy limit of $300,000 for the $500,000 judgment entered against Matthew in the *Panzke* suit and shall pay the $300,000 to Terry Panzke.

■■ Federal Kemper first claims on appeal that the trial court improperly determined that Federal Kemper was estopped from asserting its policy defenses. It is well settled that, if a complaint alleges facts potentially within policy coverage, the insurer is obligated to defend even if the allegations are groundless, false or fraudulent. *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187, 355 N.E.2d 24 (1976). If a complaint raises the possibility of coverage, and an insurer believes that a defense to the policy exists, the insurer has two op-

tions available. The insurer can either (1) seek a declaratory judgment as to its obligations and rights under the policy prior to trial or settlement of the underlying action, or (2) defend under a reservation of its rights and adjudicate its coverage in a supplemental suit. *Fidelity & Casualty Co. v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301, 461 N.E.2d 471 (1983). Generally, if the insurer fails to exercise either of these two options and refuses to defend an insured who ultimately incurs an adverse judgment, the insurer is estopped from raising policy exclusions or noncoverage as a defense in any subsequent action brought to recover policy proceeds. *Central Mutual Insurance Co. v. Kammerling*, 212 Ill. App. 3d 744, 571 N.E.2d 806 (1991).

■ Federal Kemper admits that because the *Panzke* complaint alleged that Matthew had permission to use his mother's car at the time of the accident, the allegations in the complaint potentially fall within coverage of its policy with Noreen. However, Federal Kemper claims that because it was faced with a conflict of interest in defending both Noreen and Matthew, it was excused from its duty to defend Matthew. The Illinois Supreme Court has determined that, where there is a conflict of interest, the insurer is not obligated or even permitted to participate in the defense. *Thornton v. Paul*, 74 Ill. 2d 132, 384 N.E.2d 335 (1978). The insurer's obligation to provide a defense when a conflict of interest exists is satisfied by reimbursing the insured for the cost of independent counsel. *O'Bannon v. Northern Petrochemical Co.*, 113 Ill. App. 3d 734, 447 N.E.2d 985 (1983). The court in *Insurance Co. v. Protective Insurance Co.*, 227 Ill. App. 3d 360, 369, 592 N.E.2d 117 (1992), stated that there was "no reason to allow an insurer, whose obligation to provide a defense is clear, to avoid the application of estoppel simply because it later claims a conflict of interest existed, especially when this basis for denying the insured a defense was not told to the insured and the insurer made no offer to advance funds to pay for alternative representation in an effort to meet its obligation to provide a defense."

■ We therefore find that, even if a conflict of interest existed, Federal Kemper still had certain obligations to Matthew, which it failed to fulfill. On August 29, 1991, Federal Kemper sent Matthew a letter denying Matthew a defense. However, Federal Kemper made no mention in the letter about a conflict of interest. While Federal Kemper suggested that Matthew obtain an attorney, Federal Kemper did not inform Matthew that it would pay for that attorney.

Federal Kemper claims that, because Matthew did nothing to secure a defense and failed to incur any defense costs, Federal Kemper was relieved of any duty to reimburse him and should not be

estopped from asserting its policy defenses. See *Murphy v. Urso*, 88 Ill. 2d 444, 430 N.E.2d 1079 (1981). We are not persuaded by this argument, since Matthew was only 17 years old when he was told by Federal Kemper that he was being denied a defense but was not told that he would be reimbursed for the cost of obtaining independent counsel. It was Federal Kemper that failed to fulfill its obligation to secure a defense for Matthew.

■ Federal Kemper also claims that, although it was aware of the amended *Panzke* suit filed against both Matthew and Noreen in 1993, it was relieved of its duty to defend, because Matthew failed to either tender the *Panzke* suit to Federal Kemper or request Federal Kemper to defend him. This argument is unpersuasive since an insurance company that receives actual notice of a suit from any source sufficient to permit the insurer to locate and defend its insured, particularly an unsophisticated insured, must defend the suit. *Long v. Great Central Insurance Co.*, 190 Ill. App. 3d 159, 546 N.E.2d 739 (1989); *Olivieri v. Coronet Insurance Co.*, 173 Ill. App. 3d 867, 528 N.E.2d 986 (1987); *Del Grosso v. Casualty Insurance Co.*, 170 Ill. App. 3d 1098, 524 N.E.2d 1042 (1988). Given Matthew's age and lack of experience, he was unquestionably an unsophisticated insured and only actual notice was required to trigger Federal Kemper's duty to defend him in the *Panzke* suit.

Moreover, we find it reasonable to conclude that Federal Kemper had actual notice of the suit of the original *Panzke* complaint brought against Matthew as early as August 1991. In fact, it would be absurd to conclude that Federal Kemper sent Matthew the 1991 letter denying coverage without having any knowledge of the suit.

While Federal Kemper claims in its reply brief that a genuine issue of material fact exists as to whether Federal Kemper actually sent the letter denying Matthew a defense, this issue is waived since it was not raised in Federal Kemper's opening brief. 134 Ill. 2d Rs. 341(e), (g). Furthermore, Federal Kemper admitted in its affirmative defenses to ICI's declaratory judgment action that it sent Matthew a letter by certified mail on August 31, 1991, denying coverage under the policy.

Accordingly, for the reasons set forth above, we affirm the judgment entered by the trial court in favor of ICI.

Affirmed.

RAKOWSKI and TULLY, JJ., concur.