## Chicago, Peoria & St. L. Ry. Co. v. Edward J. Vaughn.

1. FORCIBLE DETAINER—*Evidence Admissible in Defense of the Action.*—On the trial of an action of forcible detainer against a railroad company by a remainder-man for a strip of land acquired by a quitclaim deed from the life tenant, by such company, proof that it needed the land for railroad purposes, and that it had before the commencement of the action of forcible detainer, offered to pay the plaintiff all proper damages for its use—that before the trial of such suit had commenced it applied to the court by a proper bill in chancery for that purpose and with proper notice to the plaintiff, for an order staying the further prosecution of the suit of forcible detainer until the court could, in such proceeding, ascertain the amount of damages to which the plaintiff was entitled from it for the use of such land for railroad purposes and offered to pay him such damages when ascertained—that such suit was still pending and that the court had not yet determined what order it would make on said application—is competent, and should be admitted.

2. RAILROAD COMPANIES—*When Not to be Dispossessed by Actions of Forcible Detainer.*—When a railroad company acquires the possession of a strip of land from a life tenant for its right of way, takes lawful possession and constructs its railroad upon it, as it possesses the power to acquire the right to continue the use of it for railroad purposes as against the remainder-man upon paying him his compensation and damages, he

will not be permitted to dispossess the railroad company by a summary proceeding in forcible detainer and recover with it the improvements rightfully put upon it by the company, as long as it is willing to pay him all the damages to which he is entitled, as soon as they can be ascertained, by contract or by condemnation under the eminent domain act.

3. REAL ESTATE—*Legal Titles Prevail as a General Rule—Exception.* —While, as a general rule, the legal title must prevail in actions at law, an action of forcible detainer can not be maintained against one in the lawful and rightful possession of land.

Forcible Detainer.—Appeal from the Circuit Court of Jersey County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed December 10, 1901.

THOS. F. FERNS and WILSON & WARREN, attorneys for appellant.

EDWARD J. VAUGHN attorney *pro se.*

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of forcible detainer in which appellee, Edward J. Vaughn, complained to the Circuit Court of Jersey County that he is entitled to the possession of the north half of the southwest quarter of section ten, in township eight north, range ten west of the third principal meridian, in Jersey county, Illinois, and that appellant, the Chicago, Peoria & St. Louis Railroad Company of Illinois, unlawfully withholds possession thereof from him. To the complaint appellant pleaded not guilty, upon which issue was joined, and the parties stipulated in open court that the case should be tried by the court without a jury. It was tried by the court and resulted in a finding and judgment in favor of appellee for a strip of the land about fifty feet wide on each side of the center of the railroad tracks, where the same are located over and across the land. Appellant excepted to the finding and judgment; brings the case to this court by appeal, and urges that the judgment be reversed on the alleged grounds, among others, that the court refused to admit proper evidence offered by it, and that

the finding and judgment are contrary to the law and evidence of the case.

It appears that one Josiah Vaughn, the father of appellee, owned and possessed the land in 1879, when he deeded it to appellee and his brother, Charles W. Vaughn, but in the deed he reserved a life estate therein for himself. The deed was properly acknowledged and recorded· in the recorder's office of Jersey county, the day it was made. The father remained in possession of the land under his life estate until a short time before his death, on July 18, 1900.

On the 11th day of November, 1881, while the father was in possession of the land under his life estate, he, for a valuable consideration, by a proper agreement in writing, duly signed, sealed and delivered, bound himself, his heirs, administrators, executors and assigns, to make unto the St. Louis, Jerseyville & Springfield Railroad Company, a good and sufficient deed for a strip of land fifty feet wide on each side of the center line of its railroad as the same might be located and constructed by said company over and across the land; and in 1885, the father made it a quit-claim deed for a strip of the land fifty feet wide on each side of the center line of the railroad as constructed, which the company enclosed with fences for its right of way.

Since the railroad was constructed, it has been operated by appellant and those from whom it obtained title and possession by *mesne* conveyances. In the spring of 1900, Charles W. Vaughn conveyed his undivided one-half of the land to appellee, stating in the deed that it was subject to appellant's right of way thereon, until the death of the father.

Shortly after his father's death, in July, 1900, appellee requested appellant to put a switch on the land and maintain a flag station there, which it declined to do. He then demanded of appellant that it pay him damages for the use of the strip, which appellant was willing to do. Negotiations were in progress between him and representatives of appellant, looking to the ascertainment and payment of

such damages, when, on September 13, 1900, he made a written demand upon appellant for the immediate possession of all the land, and upon its failure to give him possession of the strip, which was all it had in possession, he commenced this suit against it the next day for possession of all the land.

On the trial, appellant offered to show that it needed the strip of land for railroad purposes, and said company, in pursuance of the agreement with the father in 1882, did locate and construct its railroad thereon, and that it had, before this suit was commenced, so informed appellee, and had offered to pay him all proper damages for its use, but that he wanted more than it was willing to pay; that before the trial of this case commenced, appellant applied to the court, by proper bill in chancery for that purpose, and with proper notice to appellee of the application, for an order staying the further prosecution of this suit until the court could, in the chancery proceeding, ascertain the amount of damages which appellee was entitled to from appellant for the use of the strip for railroad purposes, and offering to pay him such damages when ascertained; that such chancery case was still pending and the court had not yet determined what order it would make on said application.    But upon objection of appellee, the court refused to admit the offered evidence and appellant excepted.

We think the court ought to have admitted the evidence which it excluded because, while the father was in possession of the land as life tenant, he could make any use of it he desired so long as he and those under him committed no injury to the inheritance which would amount to waste. When the railroad company, in 1882, under contract with the life tenant, took possession of the strip and constructed its railroad upon it, appellee, as remainder-man, could not prevent it, for at that time he was not entitled to possession of it, and would not be until the death of the life tenant, which did not occur until July, 1900.  The railroad company, therefore, was not a trespasser when it took possession of the strip and constructed, at great expense, its

railroad upon it; and as it possesses the power to acquire the right to continue to use it for railroad purposes, as against appellee, the remainder-man, upon paying him his compensation and damages therefor, he will not be permitted to dispossess it in this summary proceeding, and recover with it, the improvements rightfully put upon it by the railroad company, if appellant is willing to pay him all the damages to which he is entitled as soon as they can be ascertained by contract with him, or by condemnation under the eminent domain act. Chicago & Alton R. R. Co. v. Goodwin et al., 111 Ill. 273.

While, as a general rule, the legal title must prevail in actions at law, ejectment or forcible detainer can not be maintained against one in the lawful and rightful possession of land. For ejectment lies " for the possession of the premises by one claiming they have been unlawfully entered upon and unjustly withheld." Stow v. Russell et al., 36 Ill. 36. And in that case it was held that facts which disprove the unlawful entry or unjust withholding constitute a legal defense to the action of ejectment. In Turpin v. Baltimore, Ohio & Chicago R. R. Co., 105 Ill. 11, it was said: " Where the defendant's possession is rightful and the plaintiff is not wrongfully kept out of possession, it is very well settled by the decisions of this court, that the action of ejectment can not be sustained." And see Sands et al. v. Wacaser, 149 Ill. 530, where a number of cases are referred to, sustaining that view. To permit appellee to recover in this case, when the railroad company rightfully obtained possession and built its railroad upon the strip and is willing to pay him for the use of the land for railroad purposes, as soon as such damages can be ascertained, would enable him to get without paying for it, all the improvements put upon it, at great expense, by the railroad company, when justice only requires the company to make compensation by paying him the value of the strip without such improvements. Chicago & Alton R. R. Co. v. Goodwin et al., *supra;* Ellis v. Rock Island & Mercer Co. R. R. Co., 125 Ill. 82; and Calumet Ry. Co. et al. v. Brown, 136 Ill. 322.

Appellee should be content to receive damages for the use of his land and not the possession of it from appellant under the circumstances, if what appellant offered to prove is true, for the reason that the public has an interest in the successful operation of the railroad.   Calumet River Ry. Co. et al. v. Brown, *supra*, and cases cited.

For the error committed by the court in refusing to admit the offered evidence, we will reverse the judgment and remand the case to the Circuit Court of Jersey County for further proceedings not inconsistent with the views herein expressed.   Reversed and. remanded.