CLARK BALDWIN, d/b/a "D" MACHINING, Plaintiff-Appellant, *v.* AUTO-OWNERS INSURANCE COMPANY c/o TODD & COMPANY, INC., Defendant-Appellee.

(No. 71-208; 

Second District—April 27, 1972.

Donald R. Hellyer and William L. Balsley, both of Loves Park, for appellant.

Reno, Zahm, Folgate & Skolrood, of Rockford, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Baldwin doing business as "D" Machining purchased a liability policy from the defendant insurance company through their agent, Todd & Company.

Clark Baldwin had been a tenant in a building owned by Fred Rinehart in Rockford. Baldwin and Rinehart entered into an oral contract whereby Rinehart would build an addition to the building occupied by Baldwin. This was to be a "turn-key" operation, which in substance is that the would-be purchaser, or in this case lessee, would accept the key and enter into a lease when the building was completed and the key turned over to him.

The addition was built around a large piece of equipment owned by Baldwin. During the course of construction, an employee of Baldwin

was moving a piece of machinery and Rinehart's building was damaged in the amount of $830.59.

The facts were stipulated to by the parties. Demand was made upon the insurance carrier for reimbursement and Auto Owners Insurance Company denied liability under the terms of their policy.

The trial court found for the defendants holding that "I just don't see how the plaintiff can get around the phrase 'or in charge of the insured' ".

The sole question before this court is as to the interpretation of the exclusionary clause of the policy in question which reads in pertinent part as follows:

"COVERAGE A AND B SHALL NOT APPLY: (a) * * *; (b) * * *; (c) * * *; (d) * * *;

(e) to injury to or destruction of (1) property owned, occupied by or transported by the insured, (2) (a) automobiles or mobile equipment rented to or in charge of the insured or (b) other property rented to or in charge of the insured except such other property, injured or destroyed by an automobile covered by this policy, * * *."

■■ We are confronted with two theories of law pertaining to insurance policies. The first is that insurance policies are to be construed liberally in favor of the insured. (West Illinois Digest, Vol. 18, Insurance, Section 146.7.) Contrariwise, defendant's theory in this regard is perhaps best stated in *Thompson v. Fidelity Casualty Co. of New York* (1958), 16 Ill.App.2d 159, 167; 148 N.E.2d 9:

"'* * * The rule that ambiguous language is to be construed most strongly against the insurer does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exist.' [Case cited.]"

Defendant argues that inasmuch as the plaintiff had the right to and was delivering and installing machinery within Rinehart's building, he had that "care, custody and control" of the premises that would take him out of the coverage of his policy. In support of this contention defendant alleges that the plaintiff was "not a trespasser or stranger to his landlord" and that by implication "he occupied the premises in the sense of an anticipatory lease or as a licensee."

While the building or addition was being built for the use of the plaintiff, it must be remembered that it was being constructed by a third party, the landlord. He in fact, was in charge of the construction and when completed would hand over the key to the premises and Baldwin's lease would commence. The mere fact that the building was being built for the use of Baldwin, and that he was allowed to deliver and install machinery therein, does not in this court's opinion constitute "care,

custody or control" of the premises within the meaning of the exceptions set forth above.

In *Leiter Electric Company v. Bituminous Casualty Corporation* (1968), 99 Ill.App.2d 286, 241 N.E.2d 325 the court discusses the application of such an exclusionary clause as we find here. In that case the plaintiff was a sub-contractor employed in installing machinery in the Caterpillar Tractor plant. Plaintiff connected copper wire to pipes by a brazing operation and the pipe cracked at each connection. Plaintiff determined that it caused the damage and paid the pipe sub-contractor and then made claim against its insurance carrier. The insurance company contended that it had no liability under the exclusionary clause of the policy as the property was in the "care, custody and control of the insured." In a well reasoned and well cited opinion, the court there held "temporary access" or "limited possession" did not constitute "care, custody or control" under such an exclusionary clause. See also *62 A.L.R.2d 1242* for a collection of cases considering such an exclusionary clause.

The insurance policy in question here is a "liability" policy. The obvious purpose of the exception in question is that the insured shall not be reimbursed for damage to his property or property under his "care, custody and control," without the payment of an additional premium for that coverage. The building in question here was not the property of Baldwin, the insured. He did not have care, custody and control of the building, but was merely a tenant-to-be who was allowed to bring in certain machinery. If there is any question at all here, it is ambiguous. As stated above, ambiguous phrases in insurance policies are to be construed in favor of the insured. Any attempt to cite the multitudinous cases to this effect in Illinois would serve no useful purpose. See West's Ill. Dig. Vol. 18, cited above; Callaghan's Ill. Dig. Vol. 22 par. 86.20 (Insurance).

The judgment of the trial court is reversed and judgment is entered in favor of the plaintiff in the sum of $830.69.

Judgment reversed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.