BITUMINOUS CASUALTY CORPORATION, Plaintiff-Appellant, *v.* CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY *et al.,* Defendants-Appellees.

(No. 72-4; )

Third District—November 9, 1972.

James O. Christy, of Peoria, for appellant.

John Sloan, Sidney D. Davidson, and Westervelt, Johnson, Nicoll & Keller, all of Peoria, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is a declaratory judgment action brought by the Bituminous Casualty Corporation against Roy Frietsch and the Chicago, Rock Island & Pacific Railroad Company in order to determine coverage under a contractor's comprehensive general liability policy of insurance. The appeal is taken from a holding by the trial court that Roy Frietsch was covered, under the policy in question, for damage done to property of the defendant railroad, allegedly due to negligence of the agents of Roy Frietsch.

A railroad car belonging to defendant railroad was derailed and turned over on its side alongside the track, resting partially on the ties. The railroad crane was unable to right the car as it was too heavily laden with crated glass windshields. The car had to be unloaded to be moved. A fork lift truck was unable to maneuver inside the car so Roy Frietsch was engaged to unload the car by pulling the crates out with a crane. The crane was unable to reach to all the crates so Frietsch' foreman was told by the railroad personnel to cut another opening in the car with a welding torch. Sparks from the torch set fire to the packing around the windshields and most of the boxcar and its contents were destroyed.

The railroad filed suit against Roy Frietsch alleging that one of his employees was negligent and that this negligence was the proximate cause of the fire and the resulting damage. The defense of that action was tendered to Bituminous by Frietsch, Bituminous refused the defense and filed the instant Declaratory Judgment Action.

Bituminous based its denial of coverage on two grounds, the first being that the policy had the following exclusion:

"This insurance does not apply:

(f) to property damage to

(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control; * * *."

Contractors liability policies commonly contain such a clause; there is authority to the effect that the clause is inherently ambiguous, and, on the other hand, that the clause is clear and unambiguous. (62 A.L.R.2d 1242.) In two prior cases the clause has been construed in Illinois Courts. In *Maryland Casualty Co. v. Holmsgaard*, 10 Ill.App.2d 1, the court held that the carrier was relieved of liability due to a bailment situation. In *Leiter Electric Co. v. Bituminous Casualty Corp.*, 99 Ill.App. 386, this court held the carrier liable where the property damaged was more or less firmly and permanently attached to the real estate. The court said, "* * * the insured may be deemed to have temporary or incidental access to the property or limited possession of an area of the property rather than care, custody or control of the property itself."

■■ Here, the railroad retained the care, custody and control of its own boxcar. It was on its right of way, and while it was a chattel it was certainly immovable at the time of loss. We believe that in this case the insured only had temporary access to the property rather than the care, custody or control of the property itself.

The insurer also denies liability due to the following endorsement attached to the policy:

"*EXCLUSION*

(Dismantling, Demolition, Wrecking or Salvage Operations)

This endorsement modifies such insurance as is afforded by the provisions of the policy * * * except with respect to wrecking of one and two family dwellings, all dismantling, demolition, wrecking or salvage operations.

It is agreed that with respect to operations described above, the insurance does not apply to * * * property damage arising out of such operations * * *."

The insured contends that a fair construction of the above would be, "All dismantling, wrecking or salvage operations of structures except family dwellings of one and two story height."

The following testimony was adduced at the trial:

"A. My job was to get all the windshields out, so the car could be uprighted with a railroad rig that couldn't handle it because the car was full of material.

Q. But in addition to emptying the boxcar to make it lighter you were going to remove those good windshields so they could at least have that amount of salvage left over?

A. *No*; we were to unload them, set them out there, and, if I remember right, there was another fellow there; some kind of railroad salvage going to go through them. *Our job was just to remove them.*" (Emphasis supplied.)

■■ It is elementary in insurance law that any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer. If semantically permissible the contract will be given such construction as will fairly achieve the object of securing indemnity to the insured for losses to which the insurance relates. If the insurer uses language which is uncertain any reasonable doubt will be resolved against it, if the doubt relates to extent or fact of coverage as to peril insured against. General words in an insurance policy after specific terms will be restricted to the things previously specified. 43 Am.Jur.2d Insurance, Chap. F, Construction.

The word "salvage" has a very broad, denominative and generic meaning and applies to the whole genus * * *." 78 C.J.S. page 479, and is thus a general word.

■■ On the facts of this case we do not believe that insured was engaged in a "salvage operation" within the meaning of the exclusion endorsed to the policy. His job was simply to lighten a load by removing crates. Our belief is further bolstered by the fact that on three occasions the insurer wrote to insured denying liability on the basis of, "care, custody and control" only and did not ever claim that the "salvage operation" exclusion applied until its lawyers filed the Declaratory Action.

The judgment of the Circuit Court of Peoria County will be affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.