468 So.2d 548 (1985)
Claude M. SHANKLE, Appellant,
v.
VIP LOUNGE, INC., Etc., et al., Appellees.
No. 84-673.
District Court of Appeal of Florida, Fifth District.
May 16, 1985.
Gary E. Doane of Whitaker & Koepke, Chartered, Orlando, for appellant.
Donald L. O'Dell of Markel, McDonough & O'Neal, Orlando, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Claude Shankle appeals from a final order determining that a liability insurance policy carried by appellee, We Can Do, Inc., did not cover fire damage to his band instruments.
*549 Shankle contracted with We Can Do to provide nightly musical entertainment at its lounge known as the Kowboy Korral in Osceola County. His musical equipment was routinely left in the lounge overnight. On July 1, 1982, a fire occurred at the lounge and the equipment was damaged.
We Can Do had a policy of insurance from North East Insurance Company which provided fire coverage on the building and contents and liability coverage for both bodily injury and property damage. Shankle sought to recover under the liability coverage for property damage, contending that such damage was caused by the negligence of We Can Do. An exclusion in the liability portion of the policy provided that:
This insurance does not apply:
* * * * * *
(K) to property damage to ...
* * * * * *
(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control... .
The trial court ruled that this exclusion precluded coverage for Shankle's band equipment because it was in the "care, custody or control" of We Can Do, Inc. We disagree and reverse.
According to Appleman, whether a "care, custody or control" provision in a policy applies is a factual question and its resolution depends on many circumstances including the nature of the property, its location and what the insured is doing with or to it. 7A Appleman, Insurance Law & Practice § 4493.03 (1979). See also Michigan Mutual Liability Co. v. Mattox, 173 So.2d 754 (Fla. 1st DCA 1965).
The overwhelming number of jurisdictions hold that the exclusion envisions possessory control over the property, not proprietary control. 8 ALR 4th 563,570 Exclusion Clause  Insureds Property (1981). Florida follows this rule and holds that where the insured has possessory control of the property, the exclusion applies. Phoenix of Hartford v. Holloway Corp., 268 So.2d 195 (Fla. 4th DCA 1972). See also Glen Falls Ins. Co. v. Fields, 181 So.2d 187 (Fla. 1st DCA 1965); Michigan Mutual Liability Co. v. Mattox.
Here, no testimony was taken and the court arrived at its decision denying coverage from the pleadings and a single affidavit executed by Shankle. The affidavit stated, in essence, that Shankle had a contract to provide music at the lounge, that there was no agreement for We Can Do to exercise any care, custody or control over his equipment, and that he did not intend for any person other than band members to exercise any duty or function or have any dominion over the equipment.
There is absolutely no evidence in the record that We Can Do "could do" anything with the equipment. There were no facts established on which the court could conclude that the equipment was under the care, custody or control of We Can Do. It does not follow that simply because equipment is left on the premises, the requisite elements of care, custody or control are established.
The burden is on the insurer to prove non-coverage once the insured has shown a loss from causes within the policy's terms. Stonewall Ins. Co. v. Emerald Fisheries, Inc., 388 So.2d 1089 (Fla. 3d DCA 1980); U.S. Liability Ins. Co. v. Bove, 347 So.2d 678 (Fla. 3d DCA 1977). See Ideal Mutual Ins. Co. v. C.D.I. Const., Inc., 640 F.2d 654 (5th Cir.1981) (applying Florida law). Upon loss from a covered peril, North East had the burden of adducing evidence that Shankle's equipment was in the "care, custody, or control" of its insured, We Can Do, Inc. It did not carry its burden. At best, all it showed was that the equipment was located on We Can Do's premises overnight. The insurer should have adduced evidence that We Can Do was entitled to or did exercise some dominion over the equipment. It did not and Shankle's affidavit, the only evidence on this question, indicates otherwise. In sum, the record does not contain substantial evidence to support the trial court's determination *550 that the equipment was in the "care, custody or control" of the insured.
REVERSED and REMANDED.
COBB, C.J., concurs.
COWART, J., dissents without opinion.