201 Ill. App.3d 428 (1990)
559 N.E.2d 7
INTERNATIONAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
FLORISTS' MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 1-89-2203.
Illinois Appellate Court  First District (4th Division).
Opinion filed June 29, 1990.
*429 Edward F. Ruberry, Jeffrey A. Goldwater, and James A. Lupo, all of Brinton, Bollinger & Ruberry, of Chicago, for appellant.
D. William Porter, of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellee.
Judgment affirmed.
JUSTICE JIGANTI delivered the opinion of the court:
The plaintiff, International Insurance Company (International), brought an action in the circuit court of Cook County, seeking declaratory relief and damages from Florists' Mutual Insurance Company (Florists), the defendant, for Florists' refusal to defend a lawsuit brought against one of its insureds. Florists made a motion to dismiss International's complaint. The circuit court denied the motion. The parties then filed cross-motions for summary judgment. The court granted Florists' motion for summary judgment and denied International's motion. The court allowed International to file an amended complaint. Pursuant to Florists' motion to dismiss the amended complaint, the complaint was stricken and the cause of action dismissed with prejudice. This appeal follows.
Florists' Transworld Delivery Association (FTD), which is not a party to this action, was sued for alleged antitrust violations in the United States District Court for the Northern District of Illinois. Upon receiving service of the Federal complaint, FTD tendered its defense of the action to its business liability insurer, Florists' Mutual Insurance Company, the defendant in this action. Under the terms of the policy, Florists had a duty to defend FTD against claims of injury arising out of advertising activity. Florists' Mutual refused to defend the Federal claim, and FTD provided its own defense. The district *430 court granted summary judgment in FTD's favor. In defending the Federal suit, FTD incurred $850,000 in legal fees. FTD assigned its rights under the Florists' Mutual policy, insofar as they related to the antitrust lawsuit, to International Insurance Company, the plaintiff in this action.
FTD is a florist's association engaged in the business of advertising and promoting floral services, and providing a national clearinghouse for floral delivery services. In the underlying Federal action, another floral clearinghouse service, American Floral Services, Inc. (AFS), sued FTD for alleged antitrust violations. Specifically, AFS alleged in its antitrust complaint that FTD and coconspirators had entered into contracts and engaged in a conspiracy to restrain trade in the business of providing floral directory, advertising, facilities, and clearinghouse services to subscribing florists. Among other things, AFS alleged that FTD's Rule 18(b) requires FTD member florists, on threat of fine and loss of membership, to send and process all FTD trademark, selection guide, or other FTD publishing consumer guide floral arrangements, exclusively and only through FTD's clearinghouse, unless the customer expressly instructs otherwise. AFS also alleged that FTD interpreted Rule 18(b) as creating the presumption that a customer who orders an FTD-advertised or trademark arrangement, or floral arrangement pictured in the FTD selection guide or other FTD consumer guide, does so on instruction that the order be sent and processed through the FTD clearinghouse only.
On appeal, International argues that based on the allegations in the underlying Federal complaint, Florists was aware of a potentially covered claim, and therefore, had a duty to defend the underlying action. (Thornton v. Paul (1978), 74 Ill.2d 132, 384 N.E.2d 335.) The relevant provisions of the insurance policy, under which FTD was insured by Florists, read in part as follows:
"COVERAGE E  BROAD FORM COMPREHENSIVE GENERAL LIABILITY
WE agree to pay on YOUR behalf all sums which YOU shall become legally obligated to pay as damages (except PUNITIVE DAMAGES) because of BODILY INJURY, PROPERTY DAMAGE, ADVERTISING INJURY or PERSONAL INJURY caused by an OCCURRENCE covered by this policy. The OCCURRENCE must pertain to YOUR business operations and must take place during the policy period and within the POLICY TERRITORY.
* * *
WE will defend YOU in any suit seeking damages payable *431 under the policy, even though the allegations of the suit may be groundless or false. * * *
* * *
ADVERTISING INJURY
means the following: libel, slander, defamation; infringement of copyright, title or slogan; piracy, unfair competition, idea misappropriation or invasion of rights of privacy; which arise out of YOUR advertising activities."
International's argument is that while the Federal complaint did not allege an injury directly caused by advertising activity, the complaint did allege an injury sufficiently related to advertising to satisfy the language of the policy specifying injuries which arise out of advertising activity. International asserts that the "arising out of" language in the policy is ambiguous exclusion or limitation language, and as such must be construed strictly against the insurer. (State Farm Mutual Automobile Insurance Co. v. Schmitt (1981), 94 Ill. App.3d 1062, 419 N.E.2d 601.) Citing to Consolidated Rail Corp. v. Liberty Mutual Insurance Co. (1981), 92 Ill. App.3d 1066, 416 N.E.2d 758, International argues that the language "arising out of" is synonymous with "connected with" or "incidental to," and has been construed as contemplating a mere causal connection between an injury and a defendant.
International maintains that the injury alleged in the underlying Federal complaint triggered Florists' duty to defend because the injury, unfair competition, was causally connected to advertising activity. According to International, FTD's Rule 18(b), around which the Federal complaint centered, was promulgated, adopted, and enforced to protect FTD's advertising investment. International asserts that were it not for advertising, Rule 18(b) would not be necessary. International concludes that but for FTD's advertising activity, Rule 18(b) would not have been promulgated, and the unfair competition alleged in the Federal complaint would not have occurred, thus the injury alleged was causally connected to advertising activity. International points out that to trigger the duty to defend, the insurer need only be aware that a claim "might possibly" fall within the scope of coverage. La Rotunda v. Royal Globe Insurance Co. (1980), 87 Ill. App.3d 446, 408 N.E.2d 928.
In counterargument to International's assertions, Florists argues that to find the insurer liable for a duty to defend in this case would be a perversion of the policy language. Florists maintains that International cannot create an ambiguity where none exists. (Baldwin v. Auto-Owners Insurance Co. (1972), 5 Ill. App.3d 300, 282 N.E.2d *432 204; Thompson v. Fidelity & Casualty Co. (1958), 16 Ill. App.2d 159, 148 N.E.2d 9, cert. denied (1958), 358 U.S. 837, 3 L.Ed.2d 74, 79 S.Ct. 62.) Citing to La Rotunda v. Royal Globe Insurance Co. (1980), 87 Ill. App.3d 446, 408 N.E.2d 928, Florists maintains that when an insurer agrees to provide legal services to its insured, it is agreeing to defend those legal actions which reasonably could touch upon the policy.
Florists argues that the underlying Federal complaint in this case did not allege any advertising injury. To find otherwise, Florists asserts, would be to conclude that if unfair competition in any way whatsoever, no matter how remote, involved advertising, there would be potential coverage. Florists argues that in the underlying complaint AFS did not allege that any ad, broadcast, or message to the public in any way played any part in the unfair competition claim. Florists asserts that by definition, advertising connotes marketing activity, or publication to the public. Florists points out that FTD's Rule 18(b) was published only to member florists and was an internal rule concerning the processing of orders. For support, Florists draws our attention to Lazzara Oil Co. v. Columbia Casualty Co. (M.D. Fla. 1988), 683 F. Supp. 777, aff'd (1989), 868 F.2d 1274. In Lazzara, the district court found that allegations that an oil company compelled antitrust plaintiffs to post certain prices did not describe an advertising injury as set forth under the language of the policy. The language of the Lazzara policy defined an advertising injury as "an injury arising out of a tort committed in the course of the Plaintiff's advertising activities, if such injury arises out of * * * defamation, violation of right of privacy or unfair competition." (683 F. Supp. at 778.) In reply to Florists' argument, International distinguishes the policy language of the Lazzara case from the present case on the basis that in Lazzara, the policy defined an injury caused by a tort committed "in the course of" as opposed to "arising out of" plaintiff's advertising activity.
Even accepting International's language distinctions and its argument that an injury "arising out of" any given activity need only be causally connected to that activity, we do not believe that the allegations alleged in the underlying Federal complaint sustain a charge that the underlying action arises out of advertising activity. The allegations in the underlying complaint, which International asserts implicate an advertising injury, stem from FTD's Rule 18(b). The plaintiff in the underlying Federal suit alleged that FTD's Rule 18(b) requires FTD member florists, on threat of fine and loss of membership, to send and process all FTD-advertised floral arrangements exclusively *433 through FTD's clearinghouse. It was further alleged in the underlying complaint that FTD interpreted the rule as creating a presumption that FTD-advertised products would be processed through FTD. According to the underlying plaintiff, FTD's policies with reference to Rule 18(b) thus resulted in unfair competition in derogation of antitrust law.
 1 It is undisputed that FTD's Rule 18(b) was an internal organization rule that was not reproduced or broadcast to the public. The term "advertising" has been held to refer to the widespread distribution of promotional material to the public at large. Letters sent to advertisers from a magazine publisher disparaging another publisher's circulation guarantees are not related to advertising activities. (Playboy Enterprises, Inc. v. St. Paul Fire & Marine Insurance Co. (7th Cir.1985), 769 F.2d 425.) Neither are 400 pamphlets circulated to a company's distributors to aid them in educating the salespersons to solicit purchase orders for the company's product. (Fox Chemical Co. v. Great American Insurance Co. (Minn. 1978), 264 N.W.2d 385 (cited in Playboy Enterprises, 769 F.2d 425).) Similarly, an in-house rule prescribing conditions for processing floral arrangements that have been advertised in a particular way is not related to advertising activity such that an injury attributable to the rule can be considered an advertising injury. The fact that the purpose of FTD's Rule 18(b) was to protect its advertising investment is of no consequence when the injury is alleged to have been caused, not by the advertising, but by the rule. Even under the broad interpretation of "arising out of" that International advances, we do not believe that the allegations of the underlying complaint support a conclusion that there is a causal connection between FTD advertising activity and the injury alleged in the Federal suit.
International's next argument is that if the allegations of the underlying Federal complaint alone did not put Florists on notice of its duty to defend, the complaint together with unpleaded facts that Florists learned of after the filing of the complaint triggered its duty to defend. (See Associated Indemnity Co. v. Insurance Co. of North America (1979), 68 Ill. App.3d 807, 386 N.E.2d 529.) Essentially, International alleges that as the underlying case developed, Florists came into possession of documents that indicated that FTD's Rule 18(b) was promulgated and enforced to prevent other clearinghouses from taking a "free ride" on FTD's advertising. International contends that these true facts, although not pleaded in the underlying complaint, when viewed with the complaint, triggered Florists' duty to defend.
*434  2 We do not believe that these facts even if known to Florists, when viewed with the complaint, triggered a duty to defend. As we have stated above, the fact that FTD's Rule 18(b) was promulgated to protect its advertising expense is not causally connected to the injury alleged in the underlying antitrust suit. We conclude that neither the allegations in the underlying Federal complaint, nor the complaint together with the allegedly true but unpleaded facts outside the complaint, triggered a duty to defend in this case. For these reasons, the decision of the trial court is affirmed.
Affirmed.
McMORROW, P.J., and LINN, J., concur.