ROBERT BOLANOWSKI *et al.*, d/b/a Back Trax, Plaintiffs-Appellees, v. ROBERT McKINNEY *et al.*, Indiv. and d/b/a Sunset Lounge, Defendants (Western World Insurance Company, Inc., Garnishee-Appellant).

First District (4th Division)   No. 1—90—2290

Opinion filed October 17, 1991.

Robert Marc Chemers, Scott O. Reed, and Andrew G. Witik, all of Pretzel & Stouffer, Chartered, of Chicago, for appellant.

David J. Cifelli, of Cifelli & Scrementi, Ltd., of Chicago Heights, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiffs Robert Bolanowski and Frank Paul, doing business as Back Trax (plaintiffs), filed suit against Robert and Gladys McKinney, individually and doing business as Sunset Lounge (defendants), for property damage and related lost wages allegedly caused by a fire at defendants' place of business. The trial court entered judgment for the plaintiffs, and plaintiffs instituted a garnishment action to recover the judgment amount from the defendants' insurer, Western World Insurance Company, Inc. (garnishee). The trial court entered judgment in favor of plaintiffs in the garnishment action, and garnishee appeals. On review, garnishee argues that it was not obligated to indemnify its insured because (1) the insurance policy excluded coverage for damage to the plaintiffs' property, since the policy provided that it did not apply where damaged property was in the "care, custody and control" of its insureds, the defendants; and (2) the policy could not apply to the damages sustained by plaintiffs, because the defendants' liability in the underlying suit was predicated on the trial court's determination that defendants misrepresented to plaintiffs that defendants' insurance policy would govern any damage to property plaintiffs left on

the defendants' premises. Garnishee also contends that the trial court's judgment should be reversed because the amount of damages awarded to the plaintiffs in the underlying suit against defendants was excessive. We affirm the trial court's determination that garnishee was obligated to indemnify its insureds, the defendants. However, we reverse and remand for further proceedings on the question of the amount of damages for which the garnishee must indemnify its insureds.

The record reveals that plaintiffs filed a complaint against defendants which, as ultimately amended, consisted of the following pertinent allegations. In October 1985, plaintiffs entered into a contract to provide musical entertainment, on a specific weekend, at defendants' lounge in Lansing, Illinois. Thereafter, plaintiffs orally agreed to perform from week to week on both Friday and Saturday nights at the lounge. Plaintiffs alleged that, at some point while the plaintiffs were performing at the lounge, "someone suggested that the [plaintiffs' musical] equipment be left in the bar between shows." Thereafter, the plaintiffs' equipment was apparently left on the premises while not in use during plaintiffs' weekend engagements. In May 1986, the establishment, and the plaintiffs' equipment, was destroyed by fire.

Plaintiffs' suit sought recovery for damage to their musical instruments and equipment, as well as lost wages during the time that the plaintiffs could not perform because their equipment had been destroyed in the fire. Plaintiffs alleged that defendants had negligently misrepresented that defendants' insurance would cover any damage to the plaintiffs' equipment "so long as it remained" on defendants' premises. Plaintiffs also alleged that defendants had negligently maintained the premises, thereby proximately causing the fire and resulting destruction of plaintiffs' equipment.

Defendants filed an answer to the plaintiffs' complaint, denying the material allegations therein. According to the record, the garnishee was tendered defense of plaintiffs' claims. Garnishee refused to defend defendants, however, claiming that plaintiffs' property damage was not governed by the insurance policy it had issued to the defendants. Following a hearing on the plaintiffs' complaint, the trial court determined that the defendants "negligently misrepresented insurance coverage to the plaintiffs and the plaintiffs relied upon same to their detriment." The trial court entered judgment against defendants in the amount of $80,000, representing the replacement cost of plaintiffs' musical equipment, their lost wages in band earnings, and the costs incurred by plaintiffs to rent replacement equipment.

Thereafter, plaintiffs filed their affidavits for nonwage garnishment against the defendants' insurer, the garnishee, which filed an answer and defenses thereto. Garnishee argued, *inter alia*, that its insurance policy did not cover plaintiffs' loss, and that the amount of damages awarded was unreasonable. Later, garnishee also filed a motion for summary judgment. Garnishee argued, in pertinent part, that its insurance policy excluded coverage for damage to plaintiffs' musical equipment. In particular, garnishee relied upon the provision in the insurance policy which stated that it did not apply to damage "to *** property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control."

Following briefing and argument, the trial court denied garnishee's motion for summary judgment. In its order, the court determined that garnishee had wrongfully refused "to defend the case in chief, under a reservation of rights or otherwise, or to seek a declaratory judgement [*sic*] prior to entry of judgement [*sic*]." The trial court "specifically finds that there was potential for coverage under the totality of the circumstances presented by the language of this complaint and that the insurer can't come in to the garnishment action and allege the absence of a duty to defend or indemnify under the principle of equittable [*sic*] estoppel." The court also determined that "in any event coverage for the damage incurred by the plaintiffs was provided under" garnishee's insurance policy "because the exclusion *** does not apply." The court concluded that garnishee "has a duty to indemnify the judgement [*sic*] debtors for the underlying judgement [*sic*], interest due thereon until the date of collection, and for costs of suit" as specified in the order. Garnishee's timely appeal followed.

Garnishee argues that plaintiffs' complaint against defendants in the underlying suit fell within the policy's exclusion for damage to "property in the care, custody or control of the insured." On this basis, garnishee asserts that it had no duty to defend its insureds with respect to plaintiffs' negligence claims. We disagree.

The Illinois Supreme Court has set forth the principles applicable to an insurance company's duty to defend or indemnify its insured in an underlying suit against the insured:

"To determine an insurer's duty to defend its insured, the court must look to the allegations of the underlying complaints. If the underlying complaints allege facts within or *potentially* within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent. [Citation.] An insurer may not justifiably refuse to defend an

action against its insured unless it is *clear* from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. [Citation.] Moreover, if the underlying complaints allege several theories of recovery against the insured, the duty to defend arises even if only one such theory is within the potential coverage of the policy. [Citation.]

The underlying complaints and the insurance policies must be liberally construed in favor of the insured. \*\*\* All doubts and ambiguities must be resolved in favor of the insured. [Citations.]" (Emphasis in original.) *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64, 73-74.

Based upon these principles, we must determine whether it is clear from the face of plaintiff's complaint that the allegations therein state facts that fall within the policy exclusion for damage to property "within the care, custody, or control" of the defendants.

■■ A "care, custody, or control" exclusion is not uncommon in liability insurance policies such as that at issue herein. (See generally 12 Couch on Insurance §44A:13 *et seq.* (rev. 1981).) Courts have devised a two-part test to determine whether an insured had "care, custody, or control" of another's property for purposes of the exclusion: (1) whether the property was in the possessory control of the insured at the time of the loss; and (2) whether the property was a necessary element of the work. *Bituminous Casualty Corp. v. Fulkerson* (1991), 212 Ill. App. 3d 556, 564, 571 N.E.2d 256; *Insurance Co. of North America v. Adkisson* (1984), 121 Ill. App. 3d 224, 459 N.E.2d 310; *Country Mutual Insurance Co. v. Waldman Mercantile Co.* (1981), 103 Ill. App. 3d 39, 430 N.E.2d 606; *Stewart Warner Corp. v. Burns International Security Services, Inc.* (7th Cir. 1975), 527 F.2d 1025.

With respect to whether an insured had possessory control of the property at the time of the loss, it has been noted that, "[w]hile the control exercised by the insured must be exclusive, it need not be continuous, and if the insured has possessory control at the time the property is damaged, the exclusion clause will apply." (*Country Mutual*, 103 Ill. App. 3d at 42.) It has also been held that an insured does not have "care, custody, or control" of another's property when the insured has "temporary or incidental access to the property or limited possession of an area of the property rather than care, custody or control of the property itself." *Leiter Electric Co. v. Bituminous Casualty Corp.* (1968), 99 Ill. App. 2d 386, 389, 241 N.E.2d 325; see also *Bituminous Casualty Corp. v. Chicago, Rock Island & Pacific Railroad Co.* (1972), 8 Ill. App. 3d 172, 289 N.E.2d 464; *Baldwin*

*v. Auto-Owners Insurance Co.* (1972), 5 Ill. App. 3d 300, 282 N.E.2d 204; see generally Annot., 8 A.L.R.4th 563 (1981).

■ Applying these guidelines to the allegations of plaintiffs' complaint in the underlying suit against defendants, we cannot say that the record demonstrates that defendants clearly had possessory control of plaintiffs' equipment at the time of the fire. According to plaintiffs' complaint, plaintiffs were engaged to provide musical entertainment on weekends at defendants' establishment. At some point, "someone suggested that the [plaintiffs' musical] equipment be left in the bar between shows." Thereafter, the equipment was left at the establishment when not in use for plaintiffs' weekend shows.

The complaint contains no further allegations regarding the circumstances under which plaintiffs' equipment remained on defendants' premises. The complaint does not reveal whether defendants were granted or exercised the right of access to the equipment in order to maintain, move, or protect the equipment. The complaint fails to allege that defendants were accorded or exercised the prerogative to do anything with or to the plaintiffs' equipment. Thus, the complaint does not indicate that defendants had any type of possessory control over the equipment. Rather, the complaint merely alleges that the plaintiffs' equipment was left on the defendants' premises, apparently "in the bar between shows." Absent allegations showing that defendants were accorded the right or duty to exercise some type of possessory control over the equipment, we must conclude that the record does not clearly show that defendants had "care, custody, or control" over plaintiffs' equipment at the time of the fire.

Garnishee also argues that the plaintiffs' complaint necessarily infers that the defendants were granted possessory control over the equipment, because such possessory control was a predicate to defendants' liability for any alleged negligent act in maintaining the premises. We are unable to accept this argument.

Plaintiffs' complaint alleged that defendants had the duty to "equip, maintain, control and operate their premises with caution and diligence and to have due regard for the rights and safety of all persons and property lawfully and rightfully therein and thereupon." Plaintiffs alleged that "the premises were under the control of" the defendants at the time of the fire, and that defendants had "negligently maintained, operated and controlled" the premises. Specifically, plaintiffs alleged that defendants had carelessly, negligently and improperly: (1) operated and controlled the grill, (2) maintained the wiring in the premises, (3) left oily rags or other articles within the premises, or (4) failed to lock the doors upon leaving or otherwise se-

cure the premises from the entry of vandals. Plaintiffs alleged that defendants had "otherwise so carelessly, negligently and improperly operated and controlled the premises that it burned to the ground with the plaintiffs' equipment located therein."

None of these allegations indicated that defendants had possessory control over plaintiffs' equipment, nor did any of these allegations claim that defendants had negligently or carelessly exercised possessory control of plaintiffs' equipment at the time of the fire. Garnishee notes that plaintiffs' complaint alleged that defendants controlled the premises, and that defendants had a duty to exercise such control with due regard for the safety of property on the premises. However, these allegations do not reveal or indicate that defendants exercised possessory control over the plaintiffs' equipment on the premises. The circumstance that defendants controlled the premises does not dictate the conclusion that the defendants also necessarily had possessory control of plaintiffs' equipment while it was left on the premises.

The case of *Country Mutual Insurance Co. v. Waldman Mercantile Co.* (1981), 103 Ill. App. 3d 39, 430 N.E.2d 606, upon which garnishee relies, is factually distinguishable from the instant cause. In that case, the insured's employees "were, for all practical purposes, in full charge of the property. It was [the insured's] employees who were on duty at the time the fire began and it was [the insured] which was primarily responsible for protecting the merchandise while on the premises." (103 Ill. App. 3d at 43.) There is nothing in the record of the instant cause to clearly demonstrate that defendants were "primarily responsible for protecting" the plaintiffs' equipment while it was left on the defendants' premises.

The case at bar is analogous to *Shankle v. VIP Lounge, Inc.* (Fla. App. 1985), 468 So. 2d 548. In *Shankle,* the plaintiff was engaged to provide nightly musical entertainment at defendant's lounge. The plaintiff "routinely left" his band instruments "in the lounge overnight." (468 So. 2d at 549.) The equipment was destroyed in a fire at the lounge, and the defendant's insurer claimed the exclusion in its insurance policy for property "in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control" (468 So. 2d at 549), *i.e.,* the identical exclusion to that asserted by the garnishee herein. The court determined that the defendant did not clearly have "care, custody or control" of the plaintiff's equipment at the time of the fire. In so concluding, the court reasoned:

"There is absolutely no evidence in the record that [defendant] 'could do' anything with the equipment. There were no facts established on which the court could conclude that the equipment was under the care, custody or control of [defendant]. *It does not follow that simply because equipment is left on the premises, the requisite elements of care, custody or control are established.*" (Emphasis added.) 468 So. 2d at 549.

Garnishee also submits that the trial court's determination was in error because it contradicted the factual determination, made with respect to plaintiffs' suit against defendants, that defendants were liable because they had negligently misrepresented that their insurance policy would cover plaintiffs' equipment while the equipment was left on the premises. Garnishee claims that since the defendants' liability was founded on negligent misrepresentation regarding the scope of insurance coverage, garnishee's insurance policy necessarily could not apply to plaintiffs' loss. We disagree.

Garnishee's obligation to defend or indemnify is not governed by the eventual factual determination of its insureds' liability, but rather by the scope of the allegations originally made in plaintiffs' complaint against defendants. "To determine an insurer's duty to defend its insured, the court must look to the allegations of the underlying complaints. If the underlying complaints allege facts within or *potentially* within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent. [Citation.]" (Emphasis in original.) (*United States Fidelity*, 144 Ill. 2d at 73.) "Moreover, if the underlying complaints allege several theories of recovery against the insured, the duty to defend arises even if only one such theory is within the potential coverage of the policy. [Citation.]" (*United States Fidelity*, 144 Ill. 2d 73.) As stated more fully above, we cannot say, on this record, that plaintiffs' allegations clearly fell outside the scope of potential coverage under the garnishee's insurance policy.

Based on the foregoing, we find no error in the trial court's determination that garnishee must indemnify its insureds, the defendants, with respect to the judgment entered in plaintiffs' favor in the underlying suit, on the ground that the plaintiffs' suit did not clearly fall within the policy exclusion regarding damage to property in the care, custody, or control of the defendants.

The remaining question pertains to the amount for which the garnishee must indemnify its insureds. Garnishee argues it should not be obligated to indemnify for the full amount of judgment entered against the defendants in the underlying suit, because the amount of

damages awarded to plaintiffs was excessive. Garnishee asserts that plaintiffs are not entitled to "lost earnings" for the period of time that plaintiffs allegedly could not work as a band for lack of the equipment destroyed in the fire. On this basis, garnishee contends that the amount of judgment should be reduced, by remittitur, to the replacement value of plaintiffs' equipment and the costs incurred by plaintiffs to rent other equipment. Plaintiff contends that the amount of damages awarded in the underlying suit is not excessive, and should not be disturbed on appeal.

■ We decline garnishee's invitation to reduce by remittitur the amount awarded in the underlying judgment entered against defendants. Although not specifically argued by plaintiff, we note that there is case law for the proposition that an insurer that has improperly refused to defend in the underlying action against its insured " 'is estopped from later raising policy defenses to coverage and is liable for the award against the insured and the costs of the suit, because the duty to defend is broader than the duty to pay.' " *M/A Com, Inc. v. Perricone* (1989), 187 Ill. App. 3d 358, 360-61, 543 N.E.2d 228, quoting *Murphy v. Urso* (1981), 88 Ill. 2d 444, 451, 430 N.E.2d 1079; see also *Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 430 N.E.2d 1104; *First National Bank v. Hahnemann Institutions of Chicago, Inc.* (1934), 356 Ill. 366, 190 N.E. 707; *Thompson v. Glover* (1969), 115 Ill. App. 2d 253, 253 N.E.2d 132.

However, we observe that the record does not clearly disclose whether the insurance policy's coverage for "damage to property" includes lost profits associated with "loss of use" of the damaged property, and that the parties present no arguments with respect to this latter question. We believe that these issues should be addressed by the parties. Accordingly, pursuant to Illinois Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), we reverse the trial court's determination with respect to the amount of damages for which the garnishee must indemnify its insureds and remand the matter for further proceedings.

For the reasons stated, the order of the circuit court of Cook County is affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

Affirmed in part; reversed in part and remanded.

LINN and JOHNSON, JJ., concur.