Fourth Division
June 10, 2010

No. 1-08-2927

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY and RITZ-CARLTON WATER TOWER, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | 07 CH 23409 |
| ZURICH INSURANCE COMPANY, d/b/a Zurich American Insurance Group, | ) ) ) | Honorable Richard J. Billik, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE NEVILLE delivered the opinion of the court:

This case involves a dispute between Zurich Insurance Company (Zurich), a primary insurer and defendant, and Liberty Mutual Insurance Company (Liberty Mutual), an excess insurer and one of the plaintiffs, over which insurance company is required to pay for a loss sustained by their insured and the other plaintiff, the Ritz-Carlton Water Tower hotel. Hotel guests lost valuable property they placed in a safe in their hotel room. Ritz-Carlton's primary insurer, Zurich, claimed that its policy's exclusion for damage to property in the "care, custody or control" of the hotel precluded primary insurance coverage for the loss as property damage. Instead, Zurich paid only the lesser limit of its liability for its special coverage for loss of hotel guests' property. The trial court granted Zurich's motion for judgment on the pleadings. Ritz-Carlton and Liberty Mutual now appeal.

BACKGROUND

In 1997, Peter Schaufler and Christiane Schaufler-Muench rented a room at the Ritz-Carlton Water Tower hotel. The Schauflers put jewelry and cash in a wall safe in their room. On May 7, 1997, the Schauflers left their valuables in the safe while they toured Chicago. When they returned from their tour, they discovered that their valuables were missing. They sued Ritz-Carlton for negligently failing to prevent unauthorized duplication of the room and safe keys.

Ritz-Carlton tendered defense of the suit to its primary insurer, Zurich, and its excess insurer, Liberty Mutual. The insurers disputed the amount of primary coverage, but they agreed on the value of the Schauflers' claim. The insurers and Ritz-Carlton settled the Schauflers' claim for $1 million. Zurich paid the Schauflers $250,000, Liberty paid $375,000, and Ritz-Carlton paid the remaining $375,000 to settle the claim. Liberty and Ritz-Carlton then brought this lawsuit against Zurich to recover from Zurich the $750,000 Liberty and Ritz-Carlton paid in the settlement. Zurich answered that it had paid its applicable limit of liability for the loss of a guest's property.

The insurance policy Zurich sold Ritz-Carlton provides, in coverage A:

"We will pay those sums that the insured becomes legally obligated to pay as damages because of *** 'property damage' to which this insurance applies. ***

* * *

This insurance does not apply to:

* * *

'Property damage' to:

* * *

- 2 -

\*\*\* Personal property in the care, custody or control of the insured."

Coverage L provides:

"LIABILITY FOR GUESTS PROPERTY \*\*\*

\*\*\* We will pay those sums that you become legally obligated to pay as damages because of loss or destruction of \*\*\* Covered Property. \*\*\*

\*\*\* Covered Property: Any property \*\*\* belonging to your guests while the property is in:

    a.  The 'premises;' or

    b.  Your possession."

For coverage A, the policy limits Zurich's liability to $1 million per occurrence. A separate limit of $250,000 per occurrence applies to coverage L.

All three parties moved for judgment on the pleadings. The trial court entered judgment in favor of Zurich, finding that the exclusion in coverage A for property in the hotel's care, custody or control applied to the Schauflers' claim. Zurich had liability only under coverage L, which limited its liability to the $250,000 it paid. Liberty Mutual and Ritz-Carlton now appeal.

ANALYSIS

The trial court should grant motions for judgment on the pleadings if the parties do not dispute any genuine issue of material fact and the law requires judgment in favor of the moving party. M.A.K. v. Rush-Presbyterian-St. Luke's Medical Center, 198 Ill. 2d 249, 255 (2001). We review a judgment on the pleadings much like a summary judgment, except that we consider no evidence apart from the pleadings. Employers Insurance of Wausau v. Ehlco Liquidating Trust, 186

Ill. 2d 127, 138 (1999). Therefore, we review orders granting judgments on the pleadings *de novo*. Gillen v. State Farm Mutual Automobile Insurance Co., 215 Ill. 2d 381, 385 (2005).

A court construing an insurance policy will read the policy as a whole and " 'take into account the type of insurance purchased, the nature of the risks involved and the overall purpose of the contract.' " Travelers Insurance Co. v. Eljer Manufacturing Inc., 197 Ill. 2d 278, 292 (2001), quoting American Insurance Co. v. Koloms, 177 Ill. 2d 473, 479 (1997). We interpret all ambiguities against the insurer that drafted the policy. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 108-09 (1992). "[P]rovisions that limit or exclude coverage are to be construed liberally in favor of the insured and most strongly against the insurer." Koloms, 177 Ill. 2d at 479, citing National Union Fire Insurance Co. v. Glenview Park District., 158 Ill. 2d 116, 122 (1994).

The parties ask us to construe the policy's exclusion for property in the "care, custody or control" of the hotel. For this common exclusion, Illinois courts "employ a two-part test. If the property damaged is within the possessory control of the insured at the time of the loss and is a necessary element of the work performed, the property is considered to be in the care, custody, or control of the insured." Caisson Corp. v. Home Indemnity Corp., 151 Ill. App. 3d 130, 133 (1986). The owner's simultaneous access to the property at issue does not preclude a finding of care, custody or control. Country Mutual Insurance Co. v. Waldman Mercantile Co., 103 Ill. App. 3d 39, 43 (1981); Essex Insurance Co. v. Soy City Sock Co., 503 F. Supp. 2d 1068, 1075 (C.D. Ill. 2007).

As an innkeeper, Ritz-Carlton had a duty to safeguard the property of its guests. National Malted Food Corp. v. Crawford, 254 Ill. App. 415, 424 (1929); see 740 ILCS 90/1 *et seq.* (West

1996). The innkeeper has duties similar to those involved in a bailment with respect to property brought onto the innkeeper's premises. See Blakemore v. Coleman, 701 F.2d 967, 969 (D.C. Cir. 1983); Federal Insurance Co. v. Beverly Hills Hotel Corp., 202 Cal. App. 2d 120, 127, 20 Cal. Rptr. 502, 507 (1962); Kammerer v. Graymont Hotel Corp., 337 Ill. App. 434, 435-36 (1949). The bailee has custody of property subject to bailment. Maryland Casualty Co. v. Holmsgaard, 10 Ill. App. 2d 1, 9 (1956). Similarly, the innkeeper has custody of the property of its guests, and, in the course of its work, it assumes a duty to protect that property. The guests property falls in possessory control of the hotel, and it forms an essential part of the hotel's work of protecting its guests' property.

Case law supports a finding that the guest's property falls within the control of the hotel. In Stewart Warner Corp. v. Burns International Security Services, Inc., 527 F.2d 1025 (7th Cir. 1975), the insured provided night watchmen to guard a warehouse where the plaintiff stored some goods. The insurer limited coverage to $25,000 for property in the care, custody or control of its insured. The plaintiff sued for loss of the stored goods. The court held that the goods in the warehouse were in the care, custody or control of the watchmen, even though they had a passive role and no need for any contact with the stored goods. Stewart Warner, 527 F.2d at 1027-30.

In Clausen v. Columbia National Insurance Co., 1 Neb. App. 808, 510 N.W.2d 399 (1993), Clausen's tools were stolen from the work place of the insured, named Olston's. The court held:

"After working hours, Olston's, and no one else, had care, custody, or control of the building and everything in it. Olston's alone had control of who had keys and who could enter the premises. Olston's was fully in control of what, if any, security arrangements were provided for the property and its contents. Olston's made the

decision as to who was there and who was allowed to be there after working hours. After working hours, Clausen had no access to or control over the tools on the business premises, except by consent of and with arrangements acceptable to Olston's. On the night the loss occurred, Olston's fully controlled the premises." Clausen, 1 Neb. App. at 815, 510 N.W.2d at 404.

One case, Chertok v. Hotel Salisbury, Inc., 516 F. Supp. 766 (S.D.N.Y. 1981), bears significant factual similarity to the case before us. In Chertok, a hotel guest sued the hotel to recover for property stolen from the hotel room. The court held:

> "The policy can reasonably be construed to trea[t] property of guests in hotel rooms as being under the 'care' of the hotel, in that hotels are required to care reasonably for the security of their premises. Furthermore, property in the rooms of guests can reasonably be said to come under the 'control' of the hotel for certain purposes, such as the need to secure any property that might pose a danger or the right to exclude persons other than the guests involved from access to the property." Chertok, 516 F. Supp. at 768.

Thus, the insurance provision regarding property in the care, custody or control of the hotel applied.

Here, as in Chertok, the hotel had, for some purposes, care and control of its guests' property in their rooms. The hotel here, like the insureds in Clausen and Stewart Warner, fully controlled the security arrangements for property left in the hotel room, and the hotel controlled access to the room. The passive duty of guarding the property gave Ritz-Carlton care, custody or control of the property, even without any direct contact with the stored goods.

1-08-2927

Liberty Mutual and Ritz-Carlton rely on <u>Bolanowski v. McKinney</u>, 220 Ill. App. 3d 910 (1991), as authority for reversal. The defendants in that case, who ran a bar, hired the plaintiffs to play music at the bar. The plaintiffs left their instruments in the bar between shows. A fire destroyed the instruments while they were on the defendants' premises. The court held that the defendants did not have care, custody or control of the instruments. <u>Bolanowski</u>, 220 Ill. App. 3d at 914-15. We find <u>Bolanowski</u> distinguishable because the defendants there did not assume any duty to protect the plaintiffs' property.

Following <u>Chertok</u>, <u>Clausen</u> and <u>Stewart Warner</u>, we hold that Ritz-Carlton had possessory custody of the jewelry and other valuables the Schauflers left in their room. The protection of those valuables forms an intrinsic part of Ritz-Carlton's work as an innkeeper for its guests. We find that the exclusion in coverage A for property in Ritz-Carlton's care, custody or control applies and precludes coverage. We also find that Zurich provided limited coverage for the loss of guests' property in its coverage L. Here, Zurich paid the limits it was obligated to pay under coverage L, and, therefore, it owes no further duty to pay for the Schauflers' loss. Accordingly, we affirm the trial court's order granting Zurich's motion for judgment on the pleadings.

Affirmed.

O'MARA FROSSARD, P.J., and O'BRIEN, J., concur.