2022 IL App (1st) 211441

FIFTH DIVISION
SEPTEMBER 16, 2022

No. 1-21-1441

| | | |
|---|---|---|
| KENNETH SCANLON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CH 03974 |
| | ) | |
| IGNITE, ORG., | ) | Honorable |
| | ) | Raymond W. Mitchell, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Hoffman concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff-appellant, Kenneth Scanlon, filed a complaint in the circuit court of Cook County against the defendant-appellee, Ignite, Org. (Ignite). Ignite filed a motion for judgment on the pleadings, which the circuit court granted. Mr. Scanlon now appeals. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3    On August 12, 2021, Mr. Scanlon filed a complaint in the circuit court of Cook County against Ignite, his former employer. The complaint stated that Mr. Scanlon's last day of employment with Ignite was on or about May 5, 2021, at which time he was terminated. According to the complaint, in May 2021, following his termination, Mr. Scanlon "signed a request for his personnel record addressed to [Ignite] and authorized his legal counsel to send this request to [Ignite] and authorized his legal counsel to receive the personnel record and pay [Ignite] [for the

copies] as he was intending on moving to the State of Florida following his termination." On or about May 14, 2021, Mr. Scanlon's attorney mailed Mr. Scanlon's "request for his personnel record via certified mail to" Ignite.

¶ 4 The complaint alleged that on June 16, 2021, Ignite "acknowledged receipt of [Mr.] Scanlon's request for his personnel file and knowingly and willfully refused to comply with production of any of [Mr. Scanlon's] personnel records through correspondence by their counsel." In response, Mr. Scanlon's attorney informed Ignite that Mr. Scanlon was unable to review his personnel file in person because he had moved to Florida, which was the reason for the request that the file be sent to his attorney. Mr. Scanlon's attorney also offered Ignite an extension to comply with the request and "re-iterated that any copying expenses incurred by [Ignite] would be paid by [Mr.] Scanlon's counsel." The complaint further alleged that Ignite still refused to comply with Mr. Scanlon's request for his personnel record. Ignite did not request an extension of time to produce the documents nor seek a prepayment for expected expenses or a confirmation that Mr. Scanlon was unable to inspect the records in person.

¶ 5 The complaint explained that on June 16, 2021, Mr. Scanlon filed a complaint with the Illinois Department of Labor (IDOL) "for violation of the Illinois Personnel Record Review Act against [Ignite] for refusing to comply with his request for his personnel file." On July 29, 2021, the assigned mediator dismissed the complaint, "stating that efforts to resolve the complaint were unable to be resolved by conference, conciliation or persuasion, and notifying [Mr.] Scanlon that IDOL has not commenced an action in the circuit court to redress the complaint."

¶ 6 Mr. Scanlon's complaint concluded that, to date, he has yet to receive his personnel file from Ignite and "has no other remedies at law." He alleged that, as such, he is "uniquely prejudiced as he requested his personnel record maintained by [Ignite] to evaluate a retaliatory discharge case

against [Ignite]" and he is further "prejudiced by this unfair and unlawful delay by [Ignite] as the statute of limitations for a retaliatory discharge claim is not tolled while he waits for the ability to review his personnel records as guaranteed by the [Illinois Personnel Record Review] Act." The complaint contained two counts: count I, "Action to Compel Compliance With The [Illinois Personnel Record Review] Act and Production Of [Mr.] Scanlon's Personnel File Pursuant To 820 ILCS 40/12(C)," and count II, "Penalty For Violation of The [Illinois Personnel Record Review] Act Pursuant to 820 ILCS 40/12(C)." The complaint asked the trial court to order Ignite to produce a complete copy of Mr. Scanlon's personnel records, pay a penalty of $200, and pay his attorney fees.

¶ 7     On September 21, 2021, in response to the complaint, Ignite filed a motion for judgment on the pleadings pursuant to section 2-615(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 2020)). The motion argued that the Personnel Record Review Act (Act) (820 ILCS 40/0.01 *et seq.* (West 2020)) permits the *employee* to request to inspect any personnel documents but that the request at issue was made by Mr. Scanlon's *attorney* and not Mr. Scanlon himself, so the request was not in compliance with the Act. The motion further noted that the request was for a mailed copy of the personnel record and not for an in-person inspection as provided by the Act. Ignite asserted that "[t]he Act does not call for this sort of lawyer initiated and conducted fishing expedition." Ignite's motion argued that, "[b]ased upon the plain language of the Act, it is clear that the [r]equest did not comply with the constructs of the Act and was not appropriate under the Act." As such, Ignite asserted that there was no violation of the Act and so Mr. Scanlon's complaint failed and it was entitled to judgment as a matter of law.

¶ 8     On September 28, 2021, Mr. Scanlon filed a "Cross-Motion for Judgment on the Pleadings or in the alternative Motion for Summary Judgment." The motion argued that Mr. Scanlon was

entitled to judgment in his favor because he had issued a written request to Ignite for a copy of his personnel records pursuant to the Act, which Ignite had failed to comply with.

¶ 9    On October 6, 2021, following a hearing, the trial court granted Ignite's motion for judgment on the pleadings and denied Mr. Scanlon's motion. The written order did not provide the trial court's reasoning. Mr. Scanlon filed a notice of appeal on November 5, 2021, challenging the trial court's October 6, 2021, judgment.

¶ 10    No court reporter was present for the hearing on October 6, 2021. On December 2, 2021, after he had initiated the appeals process, Mr. Scanlon filed, in the trial court, pursuant to Illinois Supreme Court Rule 323(c) (eff. July 1, 2017), a proposed Rule 323 Bystanders Report of the October 6, 2021, proceedings. A hearing was set on the proposed Rule 323 Bystanders Report. On December 7, 2021, the parties filed an Agreed Statement of Facts for the October 6, 2021, proceedings. On December 9, 2021, the trial court entered a written order, which stated:

> "IT IS HEREBY ORDERED, that the hearing on [Mr. Scanlon's] Rule 323 Bystander's Report set for December 23, 2021, 10:15 a.m., is stricken, because [Mr. Scanlon's] motion [for approval of the proposed bystander's report] is DENIED. The proposed bystander's report and the parties' 'Agreed Statement of Facts' *both contain statements that are not true* and *do not comport with reality.*" [Emphases in original.]

This appeal followed.

¶ 11                                    ANALYSIS

¶ 12    We note that we have jurisdiction to consider this matter, as Mr. Scanlon filed a timely notice of appeal. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 13    Mr. Scanlon presents the following issue on appeal: whether the trial court erred in granting

1-21-1441

Ignite's motion for judgment on the pleadings. He argues that his request from his attorney for Ignite to mail a copy of his personnel records was valid under the Act and that Ignite violated the Act by refusing to comply with his attorney's request. Mr. Scanlon asks us to reverse the trial court's judgment; hold that Ignite violated the Act; and order Ignite to mail or email a copy of his personnel records to his attorney, as well as pay a penalty of $200 and his attorney fees; or in the alternative, remand this case to the trial court for further proceedings. See 820 ILCS 40/12(d) (West 2020).

¶ 14    A judgment on the pleadings, which any party may seek pursuant to section 2-615(e) of the Code, is proper when the pleadings disclose no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-615(e) (West 2020); *Allstate Property & Casualty Insurance Co. v. Trujillo*, 2014 IL App (1st) 123419, ¶ 15. "It is similar to a motion for summary judgment, but is limited to the pleadings." *Trujillo*, 2014 IL App (1st) 123419, ¶ 15. A party moving for a judgment on the pleadings pursuant to section 2-615(e) concedes the truth of the well-pleaded facts in the nonmovant's pleadings, and the court must take, as true, all reasonable inferences from those facts and must construe the evidence strictly against the movant. *Id.* ¶ 16. We review a trial court's order granting a motion for judgment on the pleadings *de novo.*[1] *Id.*

¶ 15    Ignite's motion for judgment on the pleadings was based on the allegation that Mr. Scanlon's request for his personnel records, as pled in his complaint, did not comport with the Act and, as such, Ignite was not required to comply with the request. Our review and analysis is focused on three different sections of the Act. Section 2 of the Act provides, in relevant part:

---

[1]Because our review is *de novo*, we give no deference to the trial court's reasoning (*Trujillo*, 2014 IL App (1st) 123419, ¶ 16), and so it is irrelevant that there is no report of proceedings or bystander's report in the record on appeal.

"Every employer shall, upon an employee's request which the employer may require be in writing on a form supplied by the employer, permit the employee to inspect any personnel documents which are, have been or are intended to be used in determining that employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action, except as provided in Section 10. *** The employer shall grant at least 2 inspection requests by an employee in a calendar year when requests are made at reasonable intervals, unless otherwise provided in a collective bargaining agreement. The employer shall provide the employee with the inspection opportunity within 7 working days after the employee makes the request or if the employer can reasonably show that such deadline cannot be met, the employer shall have an additional 7 days to comply. The inspection shall take place at a location reasonably near the employee's place of employment and during normal working hours. The employer may allow the inspection to take place at a time other than working hours or at a place other than where the records are maintained if that time or place would be more convenient for the employee. Nothing in this Act shall be construed as a requirement that an employee be permitted to remove any part of such personnel records or any part of such records from the place on the employer's premises where it is made available for inspection. Each employer shall retain the right to protect his records from loss, damage, or alteration to insure [*sic*] the integrity of the records. If an employee demonstrates that he or she is unable to review his or her personnel record at the employing unit, the employer shall, upon the employee's written request, mail a copy of the requested record to the employee." 820 ILCS 40/2 (West 2020).

Section 3 of the Act provides that, after the review time as provided in section 2, "an employee may obtain a copy of the information or part of the information contained in the employee's personnel record" and the employer may charge a fee for providing a copy of such information. *Id.* § 3. And section 5 of the Act provides:

> "An employee who is involved in a current grievance against the employer may designate in writing a representative of the employee's union or collective bargaining unit or other representative to inspect the employee's personnel record which may have a bearing on the resolution of the grievance, except as provided in Section 10. The employer shall allow such a designated representative to inspect that employee's personnel record in the same manner as provided under Section 2."
>
> *Id.* § 5.

¶ 16    Mr. Scanlon's complaint pled that he submitted a written request, through his attorney, to Ignite, requesting that it mail copies of his entire personnel record to his attorney. The Act does provide that the employee's *representative* may conduct the inspection of the personnel records, and it is common sense that an attorney is considered to be a representative since the attorney has authority to act on the client's behalf. See *Zeman v. Alvarez Diaz*, 2021 IL App (1st) 200797, ¶ 33 (courts will find that an attorney has the authority to act where circumstances of the case constituted events and actions that would reasonably lead a person to believe that the attorney was acting on behalf of his clients). Nonetheless, the Act still requires the employee's representative to inspect the personnel records *in person*. And Mr. Scanlon acknowledges that his written request asked Ignite to *mail* copies of his personnel record to his attorney. This is not the process as provided by the plain language of the Act. See *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006) (when the language of the statute is clear, it must be applied as written).

¶ 17    It is true that section 2 of the Act provides: "If an employee demonstrates that he or she is unable to review his or her personnel record at the employing unit, the employer shall, upon the employee's written request, mail a copy of the requested record to the employee." 820 ILCS 40/2 (West 2020). However, rather than assert his unavailability to inspect the records in person, Mr. Scanlon simply stated that he was "moving to Florida," in a manner that did not provide a time frame for his move. Moreover, his request did not explain why his attorney, as his representative, could not inspect the records in person. In fact, Mr. Scanlon's request asked Ignite to mail the copies of his personnel record *to his attorney* and not himself, even though the Act explicitly states that the employer shall mail a copy of the record *to the employee*. And the Act requires strict compliance. Under these circumstances, Mr. Scanlon's request did not strictly or even substantively comply with the Act. See *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 25 ("When interpreting a statute, the primary objective is to give effect to the legislature's intent, which is best indicated by the plain and ordinary language of the statute itself.").

¶ 18    Simply put, Mr. Scanlon's pleadings, taken as true, establish that his request for his personnel records was not in compliance with the Act. As such, his complaint did not establish that Ignite violated the Act when it did not mail copies of his personnel record to his attorney. The trial court therefore properly granted Ignite's motion for judgment on the pleadings on those grounds. "The trial court should grant motions for judgment on the pleadings if the parties do not dispute any genuine issue of material fact and the law requires judgment in favor of the moving party." *Liberty Mutual Insurance Co. v. Zurich Insurance Co.*, 402 Ill. App. 3d 37, 39 (2010). Thus, we affirm the trial court's judgment granting Ignite's motion for judgment on the pleadings.

¶ 19                                    CONCLUSION

¶ 20    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

1-21-1441

¶ 21    Affirmed.

---

*Scanlon v. Ignite, Org.*, 2022 IL App (1st) 211441

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-CH-03974; the Hon. Raymond W. Mitchell, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Nicholas J. Kreitman, of Kreitman Law, LLC, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | James E. Taylor, of Chicago, for appellee. |

---